EMMA A. ARNALL ET AL. v. W. J. NEWCOMB ET AL.

Decided May 31, 1902.

**1.—Deed—Description of Land—Trespass to Try Title.**

Where, in trespass to try title for 476 acres of the J. B. survey of 1476 acres, the 476 acres was described by metes and bonds and covered the eastern portion of the survey, of which portion the defendant was in possession, and there was no evidence that plaintiff claimed any other part of the survey, the court did not err in admitting in evidence for the defendant deeds from plaintiff which described the land conveyed as 476 acres, "being the eastern portion of the J. B. third league survey," since such description was sufficient identify the land in controversy.

**2.—Same—Certificate of Acknowledgment—Names Idem Sonans.**

Where the certificate of acknowledgment to a deed signed by Mary Arnall certifies that Mary "Arnold" acknowledged that she signed it, the discrepancy is immaterial, as the names are idem sonans.

**3.—Same—Married Woman's Acknowledgment.**

A certificate of a married woman's separate acknowledgment reciting that she declared that she had "willingly signed, sealed, and delivered the same of her own free will and accord, without fear or compulsion on the part of her said husband, and that she wished not to retrait it," instead of "willingly signed the same for the purposes and considerations therein expressed, and that she did not wish to retract it," as in the statutory form, shows a substantial compliance with the statute, and is sufficient. Rev. Stats., art. 4621.

**4.—Same—Deed by Husband as Agent—Evidence.**

Although a deed of the wife's separate property executed by the husband as agent for her was ineffectual to pass the title, it was admissible in evidence in aid of the description of the land in a subsequent valid deed of confirmation by the wife which referred to such prior deed.

Appeal from Hunt. Tried below before Hon. H. C. Conner.

*W. P. McBride* and *J. G. Matthews,* for appellants.

*T. L. Stanfield* and *Neyland & Neyland,* for appellees.

RAINEY, CHIEF JUSTICE.—The appellants sued in trespass to try title the appellees and one Frazier to recover the land in controversy. On the trial judgment was rendered for defendants, from which this appeal is prosecuted. The defendants deraign title through Emma A. Arnall, appellant, and it was agreed in effect that title to the land was in her, and she would be entitled to recover unless she was divested of title by virtue of the instruments hereinafter mentioned.

Defendant, over objections of plaintiffs, was permitted to introduce as evidence two conveyances, one bearing date May 2, 1882, and the other bearing date February 21, 1882, both signed by Emma A. Arnall and husband, James A. Arnall, and both conveying to Walker Fore the following described land, to wit: "All of our right, title, and interest in four hundred and seventy-six (476) acres of land lying and being situated in the county of Hunt, in the State of Texas; the same being the eastern portion of the John Border third league (1-3 league) survey. Two hundred and thirty-eight (238) acres of the land herein conveyed

having previously been conveyed to the said Walker Fore on the ——— day of ——— by L. W. Broocks by power of attorney from Emma A. Broocks, wife of the said L. W. Broocks at the time of the decease of the said L. W. Broocks, the title to the same in fee simple is hereby confirmed by the said Emma A. Arnall, formerly Emma A. Broocks." The conveyances contained the usual covenants and warranties.

The certificate of acknowledgment appended to the conveyance of May 2, 1882, reads as follows: "State of Texas, County of Camp: Before me, A. S. Huey, clerk of the County Court in and for said county, personally appeared Jas. A. Arnold and Emma A. Arnold, his wife, and both parties to the foregoing attached deed bearing date the 2d day of May, 1882, both of whom are well known to me, who acknowledged severally that they signed, sealed, and delivered the same for the purposes and consideration therein stated. And the said Emma A. Arnold having been examined by me privily and apart from her husband, and having the same fully explained to her, she the said Emma A. Arnold, acknowledged the same to be her act and deed, and declared to me that she had willingly signed, sealed, and delivered the same of her own free will and accord without fear or compulsion on the part of her said husband, and that she wished not to retract it. Witness by official seal," etc.

The certificate of acknowledgment appended to the conveyance of February 21, 1882, reads as follows: "The State of Texas, County of Camp: Before me John W. Hooper, a notary public in and for the county of Camp and State of Texas, personally J. A. Arnold and Emma A. Arnold his wife parties to the foregoing instrument both of whom are personally known to me who acknowledge severally that they signed and delivered the same for the purposes and consideration therein expressed. And the said Emma A. Arnold having been examined by me privily and apart from her husband and having the same fully explained to her she the said Emma A. Arnold acknowledged the same to be her act and deed and declaired to me that she had willingly signed the same without fear or compulsion on the part of her husband and that she wished not to retract it. Witness my official seal," etc.

One objection urged to the introduction of said conveyances was that the description of the land given therein was not sufficient to identify the land. The land conveyed is described as 476 acres, "being the *eastern portion* of the John Border third league (1-3 league) survey." The land sued for is 476 acres John Border survey of 1476 acres, which 476 acres is described by metes and bounds, but covers the *eastern portion of said survey*. The land being described as the eastern portion of the survey, and the defendants being in possession of that portion, and there being no evidence tending to show that Emma A. Arnall claimed any other part of said survey, we are of the opinion that the description was sufficient to identify the land in controversy, and that all interest or right the said Emma had in and to said 476 acres was embraced in said conveyances.

The introduction of said conveyances was further objected to on the ground that Emma A. Arnall being a married woman, and the land being her separate property, the certificates of acknowledgment were defective, which rendered them invalid, etc. The specific objections urged here to said certificates are, in effect: (1) That the said certificates fail to show that the said Emma was known or made known to the officers. (2) That the conveyances are signed by Emma A. and Jas. A. *Arnall,* and the certificates show that Emma A. and Jas. A. *Arnold* made the acknowledgments, and there is nothing to show them to be the same persons. (3) That the certificates fail to show in the privy examination that she had willingly signed the same for the purposes and consideration therein expressed. The certificates, while not in the exact language of the statute, are a substantial compliance therewith. Wilson v. Simpson, 80 Texas, 279; Butler v. Butler, 77 Texas, 342; Stephens v. Mohl, 81 Texas, 115; Thompson v. John, 92 Texas, 358.

The names "Arnall" and "Arnold" are idem sonans. Ogden v. Bosse, 86 Texas, 336; Lynne v. Sanford, 82 Texas, 58. The attentive ear would not distinguish any difference in their sound when pronounced, Besides, the officer certifies that they were parties to the deed, that they acknowledged to signing it, and that they were known to him, from which it must be presumed that the parties who acknowledged the instrument were the same whose names were signed thereto.

The court did not err in admitting the conveyance executed by L. W. Broocks as agent of his wife, Emma A. Broocks. While said conveyance was ineffectual to pass title (Cannon v. Boutwell, 53 Texas, 626), it was competent in aid of the description of the land given in the other conveyances which referred to said Broocks conveyance, and which were executed in confirmation of said Broocks conveyance.

The evidence shows that the defendants were entitled to recover, and there being no error shown on the trial, the judgment is affirmed.

*Affirmed.*

Writ of error refused.