SMITH et al. v. BURGHER.

(Court of Civil Appeals of Texas. March 18, 1911.)

1. EVIDENCE (§ 183*) — DEEDS — CERTIFIED COPIES.

Under the express terms of Rev. St. 1895, art. 2312, a certified copy of a deed is admissible on filing an affidavit that the original cannot be found or procured.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 605–637; Dec. Dig. § 183.*]

2. ACKNOWLEDGMENT (§ 10*)—HUSBAND AND WIFE.

A deed by husband and wife is not inadmissible because their acknowledgments were taken on different dates.

[Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. § 61; Dec. Dig. § 10.*]

3. ACKNOWLEDGMENT (§ 37*)—SUFFICIENCY.

A deed by D. M. M. and his wife, L. A. M., is not invalidated because the acknowledgment describes her as "L. A. M., wife of ——, known to me to be the person whose name is subscribed to the foregoing instrument," etc.

[Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. §§ 183, 199–216; Dec. Dig. § 37.*]

4. ESTOPPEL (§ 37*)—ESTOPPEL BY DEED.

In a suit to recover land, a deed of trust was not inadmissible as against the grantor therein, because it antedated the deed under which she acquired title, since by executing it she estopped herself to deny title in herself.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 91–98; Dec. Dig. § 37.*]

5. JUDGMENT (§ 565*) — CONCLUSIVENESS—JUDGMENT WITHOUT PREJUDICE.

Where, in a former suit of trespass to try title, defendant reconvened, setting up a trust deed given by plaintiff to secure notes and asking judgment on the notes, and plaintiff dismissed her suit and was given judgment in the cross-action without prejudice to defendant on the cross-bill in any other suit, there was no such final adjudication as to bar a foreclosure of the deed of trust and make it inadmissible in evidence in a subsequent suit against one claiming through the foreclosure to recover the land.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1018; Dec. Dig. § 565.*]

6. MORTGAGES (§ 111*)—TRUST DEED.

A deed of trust was not inadmissible against the beneficiary who signed it to give additional security.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 111.*]

7. JUDGMENT (§ 956*)—EVIDENCE.

It was not error to exclude from evidence instructions refused in another suit, where they were not legitimate on any issue raised in this suit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1822–1825; Dec. Dig. § 956.*]

8. EVIDENCE (§ 317*)—HEARSAY.

Testimony as to what an outsider told defendant was properly excluded as being hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. § 317.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by B. M. Burgher against Mattie Smith and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Wasson & Capers, for appellants.

RAINEY, C. J. This is an action brought by the appellee against the appellants to recover a certain lot of land in the city of Dallas. Defendants pleaded not guilty; five and ten years' statutes of limitation; that Mattie Smith was illiterate and could neither read nor write; that her three children, the other appellants, had paid part of the purchase money for said land, of which appellee had notice; fraud on the part of L. N. Smith; and a want of consideration for the making of the various transfers by Mattie Smith; and further pleaded res adjudicata as to the claim of plaintiff through L. N. Smith. The court instructed a verdict for plaintiff, and the defendants prosecute this appeal.

On the trial a copy of a deed conveying the lot in controversy to Mattie Smith by D. M. Mason and wife was introduced in evidence over the objection of appellant, and this is assigned as error.

The objections were that the copy was not the best evidence; that no notice to produce the original had been given, and said copy had not been filed; and that the affidavit of the nonproduction of the original was not in compliance with the statute; and further, that said copy was suspicious on its face in showing that there was 12 months' difference between the date of the acknowledgment of D. M. Mason and L. A. Mason, his purported wife, she first having acknowledged it, and it appearing from the acknowledgment to be doubtful whether L. A. Mason ever acknowledged it at all, as the acknowledgment does not show her to be the wife of D. M. Mason, but the wife of ———.

[1] The affidavit of Burgher in reference to the deed was that the deed had been duly recorded in Dallas county, "a certified copy of. which has been filed herein, cannot be found by plaintiff, and that plaintiff cannot procure the original deed aforesaid." This affidavit complies with Rev. St. 1895, art. 2312, and authorized the introduction of said copy.

[2] The objection that the acknowledgments of the husband and wife were taken at different dates is without merit.

[3] The objection that the acknowledgment of L. A. Mason did not state therein that she was the wife of D. M. Mason is not tenable.    The deed stated she was the wife of D. M. Mason, and the acknowledgment read: "On this day personally appeared L. A. Mason, wife of ———, known to me to be the person whose name is subscribed to the foregoing instrument," etc.—the acknowledgment being otherwise in regular form.    We think the acknowledgment substantially complied with the statute, and there was no error in admitting the deed.

[4] The second assignment of error is: "The court erred in allowing plaintiff, over defendants' objection, to introduce in evidence a purported deed of trust from Mattie Smith to W. J. Baker, trustee, because the said instrument antedated the deed from Mason and wife, and could convey no title nor interest, as shown by said instrument in connection with the Mason deed, as she then had no interest to convey."    We think there was no error in this action of the court.    There is no ground for her to complain of the admission of this instrument.    Having executed it, she is in no attitude to object, as it conveyed all the title she had to the land, and she is estopped from asserting no title in herself as against said deed of trust.

[5] The third assignment of error is: "The court erred in allowing plaintiff, over defendants' objection, to introduce a purported deed from Mattie Smith to L. N. Smith, because the said instrument could convey no title as between Mattie Smith and L. N. Smith, for the reason that, subsequent to the making of said purported deed, the title to the land as between Mattie Smith and L. N. Smith had been adjudicated in her favor in

cause No. 2,510, in the district court of Dallas county, Tex., and a judgment rendered therein vesting title in her."    The evidence shows that Mattie Smith brought an action of trespass to try title against said L. N. Smith for the land here in controversy. Smith reconvened, setting up that he had a trust deed on said land given by Mattie Smith to secure certain promissory notes, and asked a recovery on the notes.    Mattie Smith dismissed her action for title, and on a trial of Smith's cross-action a judgment was rendered in favor of Mattie Smith against L. N. Smith, without prejudice to him on the cross-bill in any other suit.    This was not a final adjudication of the matter, and such judgment was not a bar to the foreclosure of the trust deed, and there was no error in admitting the trust deed in evidence.

[6] The ·fourth assignment of error is: "The court erred in allowing plaintiff, over defendants' objection, to introduce in evidence a purported deed of trust from Mattie Smith and L. N. Smith for the same reasons assigned in the third assignment of error, and for the further reason that said deed of trust, if it was ever executed, was a nullity on its face, as it shows that it was made by Mattie Smith to secure the same notes executed ·by L. N. Smith to Mattie Smith in the preceding purported deed." The deed of trust was given to secure notes executed by L. N. Smith.    It was signed by him and also by Mattie Smith, and it contained this stipulation: "And the said Mattie Smith joins in this conveyance as additional security for the benefit of whomsoever may become the owner and holder of said notes."    This stipulation shows that Mattie Smith was a party to the deed of trust merely as an additional surety which she had the right to become, and the objection to its introduction as evidence against her was properly overruled.

[7] There was no error in the court's not admitting in evidence in this case the various special charges asked by Mattie Smith, and refused in the case of Mattie Smith v. L. N. Smith, as such charges were not legitimate on any issue raised herein.

[8] There was no error in the court's not. admitting the evidence of Mattie Smith as to what S. E. Moss told her, as such a statement was hearsay and not legitimate.

The evidence in this case shows that the title was in Mattie Smith; that she executed a deed to the land to L. N. Smith, the consideration being certain promissory notes, to secure which L. N. Smith executed a deed of trust to Albert W. Webb, which deed of trust was signed by Mattie Smith as additional surety.    Default was made in the payment of the notes therein mentioned, the deed of trust foreclosed, and plaintiff holds title through and under same.    The evidence fails to show any fraud practiced on Mattie Smith, and it fails to show that plaintiff

had any notice of·any title to said lot in the children of Mattie Smith.

Under the evidence, as shown on the trial, we think the court was warranted in directing a verdict for plaintiff, and the judgment is affirmed.

Affirmed.