### FLEMING et al. v. CANTERBURY.
### (No. 2812.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 1, 1923.)

**1. Tenancy in common ⚌15(1)—Cotenant and successors in interest held to have acquired title by adverse possession.**

Where one tenant in common sold his interest to cotenant and surrendered possession to the cotenant, who, with his successors in interest, held peaceable, adverse, and continuous possession of the land and cultivated and used it for a period of 10 years after payment of the purchase price to first tenant in common for his interest therein, the successors in interest obtained title thereto by adverse possession.

**2. Tenancy in common ⚌15(7, 8)—Possession by one tenant in common not adverse in absence of repudiation of cotenancy and notice to cotenant.**

Possession of land by one tenant in common is not adverse as to cotenant, unless first tenant in common repudiates the cotenancy and cotenant has notice thereof.

Appeal from District Court, Red River County; Ben H. Denton, Judge.

Suit by Mary Fleming and others against C. C. Canterbury. Judgment for defendant, and plaintiffs appeal. Affirmed.

By a deed dated November 21, 1890, J. H. Whiteman and his wife conveyed 75 acres of land in Red River county to Jesse Crawford and Gen. Henderson. The consideration for the conveyance was $275 cash paid by Crawford and Henderson, and their three promissory notes for $275 each, payable January 1, 1892, 1893, and 1894, respectively. Henderson died in 1901, leaving his wife and several

children surviving him. Crawford died March 2, 1907, leaving a divorced wife, who died July 7, 1918, and several children surviving him. This suit was commenced by the widow of Gen. Henderson, Dewey Henderson, one of his children, and the children of Crawford, against appellee, October 17, 1919. It was in form a statutory action of trespass to try title and for damages, but the petition contained a prayer for a partition in the event it was found that appellee owned an interest in the land. At the trial it was agreed that Dewey Henderson, as an heir of Gen. Henderson, owned an undivided one-fourteenth interest in the land, and it was further agreed that appellee had title to all the remaining interest therein owned by Gen. Henderson and his wife at his death, and by his wife and their children, except Dewey, after his death. The controverted issue in the case was as to what was the interest owned by the Hendersons, including Dewey. Appellee's contention was that the Hendersons acquired the interest owned by Crawford, and therefore owned all of the land. Appellants' contention was that Crawford, when he died, owned the undivided one-half interest he acquired from the Whitemans, and that they (appellants) and others who were plaintiffs in the court below, as his heirs and the heirs of his wife, became and were the owners of that interest.

In his answer appellee alleged, and the jury in response to special issues submitted to them found, that—

On January 1, 1892, "Jesse Crawford by a verbal agreement with Gen. Henderson sold his interest in the land in controversy, under the terms of which Gen. Henderson was to pay Jesse Crawford the cash paid by Jesse Crawford on the land, and was to pay off all the purchase-money notes given by Crawford and Henderson; that Crawford then abandoned his claim of right and surrendered possession of said land to Gen. Henderson; that by virtue of the agreement said Henderson took possession of said land and thereafter made permanent and valuable improvements thereon; that Henderson repaid to Crawford the cash paid by the latter on the purchase of the land, and then paid off all the purchase-money notes given by him and Crawford for the land; and that he finished paying said notes January 1, 1895."

Appellee alleged further in his answer, and the jury found, that—

He "and those under whom he claims have had and held peaceable, adverse and continuous possession of the land in controversy, cultivating, using and enjoying the same for a period of ten years before plaintiffs filed their suit on October 17, 1919."

The appeal is from a judgment in appellee's favor for all the land except the interest of Dewey Henderson therein, and directing a partition thereof as between appellee and said Dewey Henderson.

This is the second appeal of the case. The report of the former appeal will be found in 237 S. W. 366.

Prentice Wilson, of Clarksville, C. N. Allen, of Paris, Tex., and A. C. Tisdale, of Detroit, for appellants.

Terry & Brown, of Terrell, and George Morrison, of Clarksville, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] As we think the judgment was warranted by the findings set out in the statement above, and that those findings were warranted by testimony the jury had a right to consider, we have not thought it necessary to set out other findings made by the jury and inquire whether they, too, were supported by competent testimony and warranted the judgment. Nor have we thought it necessary to determine whether the effect of the agreement which the jury found Henderson and Crawford entered into, and the acts of Henderson on the faith thereof, were to pass to Henderson the title of Crawford to an undivided one-half interest in the land or not. It was undisputed in the testimony that Gen. Henderson had actual and exclusive possession of all the land, cultivating and using it, from January 1, 1892, to the time of his death in 1901, and that his widow and children had such possession thereof from the date of his death until at least as late as July, 1906. As we understand appellants, they do not contend that such possession by Henderson and his widow and heirs, for over 13 years, if adverse within the meaning of the 10-year statute of limitations, and if Crawford had notice of its nature, did not operate to pass the undivided interest Crawford owned in the land to the Hendersons. Appellants' contention with reference to this phase of the case, as we understand it, is that the testimony did not warrant a finding that the possession of Henderson and of his widow and children was adverse as to Crawford within the meaning of said statute, or, if it did, that it did not warrant a finding that Crawford had notice of the fact.

[2] It appearing that Henderson and Crawford were owners in common of the land prior to January 1, 1892, appellants insist, and we agree (Parsons v. Hubbard [Tex. Civ. App.] 226 S. W. 441), that before Henderson's possession thereof could thereafter be treated as adverse to Crawford, it must have appeared that Henderson had repudiated the cotenancy and that Crawford had notice of such repudiation.

There may be reason to doubt whether the possession of Henderson, before he repaid Crawford the sum Crawford had paid on the land and finished paying the notes he had agreed to pay, should be treated as adverse or not (2 C. J. 153); but we think there is no reason to doubt that his possession thereafter was adverse within the meaning of the statute, and that Crawford was chargeable with notice of the fact. 2 C. J. 154.

The jury found that Henderson finished such payments January 1, 1895. Ten years from that date expired January 1, 1905. As stated above, the possession commenced by Henderson in 1892 was continued by his widow and children to at least as late as July, 1906. It is plain, therefore, that if the 10-year statute of limitation did not operate before said January 1, 1905, to pass to the Hendersons the title Crawford had to an interest in the land, that it did then so operate.

The judgment is affirmed.