**SMITH et al. v. VICTORY et al.**

**No. 4447.**

Court of Civil Appeals of Texas. Texarkana.
March 2, 1934.

Rehearing Denied March 8, 1934.

Geo. G. Clough, of Houston, for plaintiffs in error.

Lacy & Molhusen, of Longview, for defendants in error.

JOHNSON, Chief Justice.

Plaintiffs in error were the plaintiffs in the trial court, and the defendants in error were the defendants in the trial court. The suit is between the heirs of Jarrett Dean, deceased, the common source of title. Jarrett Dean died intestate in 1873, and left surviving five children, to wit: Belona Victory, Maria McFarlin, Rebecca Moore, Lucinda Smith, and Daisy D. Wilson. On January 10, 1885, W. H. Victory, the husband of Belona Victory, one of the five heirs, purchased from the other four heirs, to wit, Rebecca Moore, Maria McFarlin, Lucinda Smith, and Daisy D. Wilson, their undivided four-fifths interest in the land in controversy; that is to say, that four of the heirs joined in a deed of conveyance to the husband of the fifth heir. W. H. Victory and his wife went into immediate possession of the land, and they, and those claiming under them, have had and held continuous, peaceable, and adverse possession thereof, paying all taxes thereon as they became due, since 1885. This suit was filed in the district court of Gregg county, Tex., in May, 1932, by Maria McFarlin, now Maria Wright, and the heirs of Lucinda Smith, and George D. Clough; the latter being the attorney for the plaintiffs and holding an assignment of an interest from them. Plaintiffs' suit was an action in trespass to try title to recover the Maria McFarlin and Lucinda Smith two-fifths undivided interest in block 33 of the town of Gladewater, Tex. The defendants in error are the heirs of W. H. Victory and wife, Belona Victory, and answered by plea of not-guilty and the several statutes of limitation.

The case was tried to a jury. At the close of the evidence the court instructed the jury to return a verdict for the defendants. From an order of the court overruling their motion for new trial, the plaintiffs have perfected this appeal.

Under appropriate assignments the plaintiffs in error make the contentions: (1) That the court erred in permitting in evidence, over the objections of the plaintiffs, the deed of January 10, 1885, to W. H. Victory, in so far as it purports to convey the interest of M. A. (Maria) McFarlin and Lucinda (Cinderella) Smith, joined by their respective husbands, for the reason assigned that the certificate of the acknowledgments of these two married women were not in conformity with law, and therefore the instrument as to them was void as a conveyance; (2) that the deed being inoperative as a conveyance of the in-

terest of Mrs. McFarlin and Mrs. Smith, hence W. H. Victory and wife as a matter of law acquired and held possession as cotenants of Mrs. McFarlin and Mrs. Smith, and that the statutes of limitation did not run against them for the reason that W. H. Victory and those claiming under him did not repudiate such cotenancy and notify Mrs. McFarlin or Mrs. Smith of such repudiation.

The acknowledgment of Mrs. Smith was that of a single person, as to form, and, as conceded by defendants, is insufficient to convey her interest. The court limited consideration of the evidence presented by the deed and permitted its introduction, not as a conveyance of Mrs. Smith, but only as evidence of notice to her of the character of the subsequent possession held by W. H. Victory thereunder. This will be further discussed below.

 The certificate of acknowledgment of Mrs. M. A. (Maria) McFarlin is in form as follows:

"Before me, C. H. Slagle, J. P. and Ex Officio Notary Public, Upshur County, on this day personally appeared W. E. McFarland, and ——— known to me to be the persons whose names are subscribed to the foregoing instruments, and stated they had executed the same for the purposes and consideration therein expressed; and the said M. A. McFarland having been examined by me privily and apart from her husband and having the same fully explained to her, she, the said M. A. McFarland, acknowledged such instrument to be her act and deed, and declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

"Given under my Hand and Seal of Office, this 26th day of Jan. A. D. 1885. [L. S.] C. H. Slagle, Notary Public Upshur County, Texas."

It is urged that by the omission to insert the name M. A. McFarland in the blank space above indicated, the certificate fails to certify that M. A. McFarland is known to the notary taking the acknowledgment; and that the certificate is also defective in that the name M. A. McFarlin (as it appears to the deed) is spelled "M. A. McFarland" in the notary's certificate. When considered in connection with the remaining terms of the certificate, the omission of the name in the blank indicated, does not, in our opinion, render the certificate void. Smith v. Burgher (Tex. Civ. App.) 136 S. W. 75. And as ordinarily pro-

nounced it is thought that an attentive ear will find difficulty in distinguishing the sound of McFarland and McFarlin, and it is thought that they should be considered as idem sonans. A certificate of acknowledgment of Emma A. Arnoll was held sufficient when spelled by the notary Emma A. Arnold. Arnall v. Newcomb, 29 Tex. Civ. App. 521, 69 S. W. 92.

 But, assuming that the acknowledgment of Mrs. McFarlin was not a sufficient, substantial compliance with the statute, thus rendering the deed as to her interest, as well as the interest of Mrs. Smith, inoperative as a conveyance, it was admissible in evidence as notice in fact to said purported grantors of the hostile character of the subsequent adverse possession held by the purported grantee thereunder, and removed any legal presumption that W. H. Victory and wife were holding possession as cotenants of and in trust for Mrs. McFarlin and Mrs. Smith. Carr v. Alexander (Tex. Civ. App.) 149 S. W. 218; Fleming v. Canterbury (Tex. Civ. App.) 255 S. W. 678; Leverett v. Leverett (Tex. Civ. App.) 59 S.W. (2d) 252; 11 Tex. Jur. § 28, p. 445; 2 C. J. § 260, p. 148; McBurney v. Knox (Tex. Com. App.) 273 S. W. 819.

No error is presented by the record.

The judgment of the trial court is affirmed.