**WILLIAMS et al. v. CRUSE et al.**

**No. 3508.**

Court of Civil Appeals of Texas. Beaumont.

June 30, 1939.

Rehearing Denied July 12, 1939.

Geo. E. Holland, of Beaumont, for appellants.

Morris & Bennett, of Beaumont, for appellees.

COMBS, Justice.

This is a land suit and involves title to 160 acres of land in Tyler County, patented to McCarey Risinger November 20, 1863. McCarey Risinger died in May, 1863, leaving as his sole heirs his wife, Anna Risinger, and two daughters, Myra who died in childhood, and Nancy A. E. Risinger who subsequently married appellant, C. M. Williams, in 1885 and died in 1936. The other appellants are her children and sole heirs. The matter at issue in this case is the validity of a deed in appellees' chain of title.

Appellees deraign title through a warranty deed dated February 24, 1883, signed by Anna Swearingen, surviving wife of McCarey Risinger, who subsequent to

490

his death married Josiah Swearingen, and by Swearingen, her husband, and by Nancy A. E. Risinger, the mother of appellants, purporting to convey the land here involved to R. A. Cruse. Appellants attack that deed on several grounds.

First, it is contended that the acknowledgment of Anna Swearingen was fatally defective, rendering the deed void as a conveyance of her five-eighths interest. The acknowledgment in question was as follows:

"State of Texas, Tyler County

"Before me J F Heard clerk of the County Court of said county on this day personally came Nancy A E Swearingen and Josiah Swearingen to me known to be the persons whose names are subscribed to the foregoing instrument and severaly acknowledged the execution of same for the purposes and considerations therein expressed—At the same time came Anna Swearingen wife of said Josiah to me known to be the person whose name is subscribed to the foregoing deed and after being examined by me privily and apart from her husband and having same fully explained to her she the said Anna Swearingen acknowledged such instrument to be her act and deed for the purposes and consideration therein expressed and declared that she did not wish to retract it or any part of it.

"Given under my hand and the seal of my office this the 29" day of February A D 1883.

"J. F. Heard"

The specific ground of invalidity urged against the certificate of acknowledgment is that it does not recite that Anna Swearingen "willingly" signed the deed. The assignment is overruled. No particular form of words is required to render a certificate of acknowledgment valid so long as it shows on its face that all essential prerequisites to a valid acknowledgment were in fact complied with. Spivy v. March, 105 Tex. 473, 151 S.W. 1037, 45 L.R.A.,N.S., 1109; Durst v. Daugherty, 81 Tex. 650, 17 S.W. 388; Belcher v. Weaver, 46 Tex. 293, 26 Am.Rep. 267. The certificate here involved shows that the county clerk, J. F. Heard, who took the acknowledgment, examined Mrs. Swearingen separate and apart from her husband and fully explained the instrument to her; that she acknowledged the instrument to be her act and deed for the purposes and consider-ation therein expressed, and "declared that she did not wish to retract it or any part of it." On these recitals, we think it a reasonable inference to be indulged in support of the validity of the acknowledgment that she had willingly signed the instrument, and so declared to the notary.

Appellants' next contention is that the instrument is insufficient to convey the interest of Nancy A. E. Risinger. In the body of the deed, Nancy A. E. Risinger was given as one of the grantors and the instrument was signed Nancy A. E. Risinger "her mark". But the acknowledgment purports to be an acknowledgment by Nancy A. E. Swearingen. By his certificate the notary certified that Nancy A. E. Swearingen was known to him to be the person whose name was subscribed to the instrument. No Nancy A. E. "Swearingen" appears in the deed. An acknowledgment may be considered in connection with an instrument to which it is attached when considering its sufficiency. Breneman v. Mayer, 24 Tex.Civ.App. 164, 58 S.W. 725. From the instrument as a whole it appears probable that Heard, who took the acknowledgment, simply made an error in making out his certificate. The proof shows that Nancy A. E. Risinger was only a child when her mother married Josiah Swearingen and she lived with them until her marriage. There is a reasonable inference that prior to her marriage to Williams she was known as Nancy A. E. Swearingen. These facts, and the notary's certificate, we think sufficiently establish that the Nancy A. E. Risinger, grantor in the deed, and the Nancy A. E. "Swearingen" who acknowledged it were one and the same person.

Finally, it is contended that the deed in question was not sufficiently proved up in the face of an affidavit of forgery filed in the case by appellants. That contention is also overruled. The original deed, 55 years old, was offered in evidence and admitted as an ancient instrument. No testimony whatever was offered tending in any way to impeach it. It came from proper custody and, as we see it, came free from suspicion. We think execution of the instrument was sufficiently established without other corroborative proof. Stooksbury v. Swan, 85 Tex. 563, 22 S.W. 963. But if corroborative proof of its execution was necessary, we think it was amply supplied. The deed was recorded in Tyler County immediately after

its execution. Mrs. Swearingen continued to live in that county until her death in 1894, and Nancy A. E. Risinger and appellant C. M. Williams, to whom she was married in 1885, continued to live in that county until her death in 1936. And neither, so far as the record shows, ever questioned the validity of the deed or made claim to the land. The fact that Nancy A. E. Risinger signed the deed by her mark was explained by proof that she was blind from childhood and, as we view it, there is not a fact or circumstance in the record tending to cast any doubt on the genuineness of the deed.

The judgment of the trial court is affirmed.