## SWEENEY et al. v. VASQUEZ.
### No. 12080.

Court of Civil Appeals of Texas.
San Antonio.
March 22, 1950.

Rehearing Denied April 19, 1950.

E. T. Yates, Brownsville, for appellants.

Osce Fristoe, Harlingen, for appellee.

**W. O. MURRAY, Chief Justice.**

This suit was instituted by Thomas H. Sweeney, Sr., Thomas H. Sweeney, Jr., and Peyton F. Sweeney against F. W. Balcomb and Francisco P. Vasquez, seeking to recover the title and possession of a tract of land containing thirty-three acres and being out of a larger tract of 250 acres in Partition Share No. 22 of the Espiritu Santo Grant in Cameron County, Texas.

The trial began to a jury but resulted in an instructed verdict in favor of Francisco P. Vasquez for the title and possession of the thirty-three acre tract. From that judgment Thomas H. Sweeney, Thomas H. Sweeney, Jr., and Peyton F. Sweeney have prosecuted this appeal.

On the 7th day of January, 1946, F. W. Balcomb, as owner, and the appellants, as purchasers, entered into a contract for the sale and purchase of the above described thirty-three acre tract of land. The contract was signed by Balcomb and appellants on January 7, 1946. It was also acknowl-

edged by Thos. H. Sweeney and Thos. H. Sweeney, Jr., on the same day, and filed for record in Cameron County on January 24, 1946. Thereafter on May 12, 1947, F. W. Balcomb and Francisco P. Vasquez entered into a contract for the purchase and sale of the 250 acre tract above described, which included the thirty-three acre tract here involved. Vasquez testified that he had no actual knowledge of the first contract of sale, and unless the recording of it was constructive knowledge of its contents, he is entitled to prevail in this suit and the trial court's action in instructing a verdict in his favor would be proper.

Art. 1294, Vernon's Ann.Civ.Stats., provides as follows: "Every deed or conveyance of real estate must be signed and acknowledged by the grantor in the presence of at least two credible subscribing witnesses thereto; or must be duly acknowledged before some officer authorized to take acknowledgments, and properly certified to by him for registration."

Art. 6626, Vernon's Ann.Civ.Stats., provides in part as follows: "The following instruments of writing which shall have been acknowledged or proved according to law, are authorized to be recorded, viz.: all deeds, mortgages, conveyances, deeds of trust, bonds for title, covenants, defeasances or other instruments of writing concerning any lands or tenements, or goods and chattels, or movable property of any description; * * *."

It will be noted that this article limits its provisions to such instruments which have been "acknowledged or proved according to law."

Art. 6627, Vernon's Ann.Civ.Stats., provides in effect that instruments which are not recorded as required by law are void as to all creditors and subsequent purchasers for valuable consideration without notice.

A contract for the sale and purchase of real estate which is not acknowledged by the grantor is not notice to subsequent purchasers, though it be acknowledged by the purchaser and recorded. Hart v. Wilson, Tex.Civ.App., 281 S.W. 339;

Grossman v. Jones, Tex.Civ.App., 157 S. W.2d 448.

The contract of purchase and sale executed by Balcomb and the Sweeneys passed an equitable title to the thirty-three acres and should have been acknowledged by the vendor and not by the vendees. Langley v. Norris, Tex.Civ.App., 167 S.W. 2d 603.

Accordingly, the judgment of the trial court is affirmed.