George L. SHELDON and Angilee G. Sheldon, Appellants,

v.

Eva E. FARINACCI, Appellee.

No. 15529.

Court of Civil Appeals of Texas, San Antonio.

April 14, 1976.

Biery, Biery, Davis & Myers, Fred Biery, San Antonio, for appellants.

Casseb, Leon, Rodgers, Strong & Pearl, Alvin Huth, Bennett & Leger, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a suit by appellants, George L. Sheldon and Angilee G. Sheldon, the holders of a judgment against Suniland Corporation, against appellee, Eva E. Farinacci, to satisfy such judgment by foreclosure of a judgment lien against certain real property in Bexar County, Texas. Both appellants and appellee filed motions for summary judgment. The trial court granted appellee's motion for summary judgment that appellants take nothing, and denied appellants' motion for summary judgment.

The summary judgment evidence, which sets forth the sequence of events upon which this suit is predicated, may be summarized as follows:

1. July 11, 1973—Recording of deed of subject property from Suniland Corporation to Empress Construction Company.

2. January 29, 1974—Appellants recover judgment against Suniland Corporation in the amount of $33,446.00.

3. April 29, 1974—Recording of abstract of appellants' judgment against Suniland Corporation.

4. November 27, 1974—Recording of "Correction Deed" from Suniland Corporation to Empress Construction Company.

5. November 27, 1974—Recording of deed from Empress Construction Company to Eva E. Farinacci.

Appellants assert that their judgment lien had attached to the real property involved prior to the purchase by appellee. Appellants' entire case is predicated upon their contention that the acknowledgment to the deed recorded July 11, 1973 was fatally defective and that consequently the deed (a) was ineffective to divest Suniland Corporation of any title to the subject property; (b) should not have been recorded; (c) was ineffective to impart constructive notice to a creditor; (d) was improperly admitted as a part of appellee's summary judgment proof. If such acknowledgment was not fatally defective, but a valid acknowledgment, all of appellants' contentions must fail.

Appellants assert four points of error: (1) the trial court erred in denying appellants' motion for summary judgment; (2) the trial court erred in granting appellee's motion for summary judgment; (3) the trial court erred in finding that the deed from Suniland Corporation to Empress Construction Company recorded July 11, 1973, imparted constructive notice to creditors and divested Suniland Corporation of title to the subject property; (4) the trial court erred in allowing appellee to use such deed as a part of her summary judgment proof.

Although not assigned as a point of error, appellants make some contention in their brief that the property description in the July 11, 1973 deed was also defective and was inadequate to divest Suniland Corporation of its interest in the property. However, on oral argument, appellant stated that he now believes such description to be

adequate, and that he has abandoned any such contention. We will not consider it.

We first consider appellants' point of error that the court erred in denying their motion for summary judgment. We have heretofore set forth the applicable summary judgment evidence. It is to be noted that nowhere therein is any proof that Suniland Corporation, appellants' judgment creditor, owned the subject property on the effective date of appellants' judgment lien, and in fact, nowhere in the record is there any proof that Suniland Corporation ever owned the property. Appellants apparently rely on the deed from Suniland Corporation to Empress Construction Company recorded July 11, 1973, and the "Correction Deed" from Suniland Corporation to Empress Construction Company recorded November 27, 1974, as proof that Suniland Corporation owned such property.

 The fact that A gives a deed of conveyance to B of Blackacre, may be effective to divest A of any title that it has in Blackacre, but such a deed of conveyance, in itself, does not prove that A owned Blackacre or any part thereof. In order to show that appellants' judgment lien attached to the subject property, it was incumbent upon appellants to show that Suniland Corporation owned the property or some interest therein. There is no such proof. Under the record, the trial court did not err in refusing to grant appellants' motion for summary judgment.

Appellants' other three points of error are based on their contention that the acknowledgment on the deed of July 11, 1973 was fatally defective, and that consequently their judgment lien had attached to the real property involved prior to the purchase by appellee.

The acknowledgment here involved reads as follows:

The State of Texas
County of Bexar

Before me, the undersigned authority, on this day personally appeared _____ of SUNILAND CORPORATION, a corporation, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed, in the capacity therein stated and as the act and deed of said corporation.

Given under my hand and seal of office on this the 1st day of June, A.D., 1973.

(Seal)

/s/ Santa Kime
Notary Public in and for Bexar County, Texas (TR 32)

Appellee asserts that it is the law of this State that in construing an acknowledgment, the instrument to which it is attached may also be considered; that the acknowledgment here involved when considered with the deed to which it was attached is not defective; that the deed was effective to divest Suniland Corporation of whatever interest it had in the subject property; was properly recorded; was effective to give notice to creditors; and was properly admitted into evidence as a part of appellee's summary judgment proof.

It is obvious from the above set forth acknowledgment that it is not possible to tell who appeared before the notary public without reference to the deed. But by looking at the deed and the acknowledgment together it can be readily ascertained that Adolph Alvarez, the person who signed the deed, is the person who appeared before the notary public, the person who acknowledged that he executed the same for the purposes and considerations therein stated, as the act and deed of said corporation. The grantor shown in the deed is Suniland Corporation, and the only signature on the deed is that of Adolph Alvarez.

Article 6603, Tex.Rev.Civ.Stat.Ann., requires that the acknowledgment of an instrument for the purpose of being recorded shall be by the person who executed the same, appearing before some officer authorized to take acknowledgments and stating that he executed the same for the purpose and consideration therein stated.

Article 6626, Tex.Rev.Civ.Stat.Ann., requires that all deeds, in order to be recorded, shall have been acknowledged according to law.

Appellants rely heavily on *Sweeney v. Vasquez,* 229 S.W.2d 96 (Tex.Civ.App.—San Antonio 1950, writ ref'd), in which it was held that a contract of sale and purchase which is not acknowledged by the vendor is not notice to subsequent purchasers even though it was acknowledged by the purchaser and recorded. The court pointed out that Article 1294, Tex.Rev.Civ.Stat.Ann., requires that "[e]very deed or conveyance of real estate must be signed and acknowledged by the grantor in the presence of at least two credible subscribing witnesses thereto; or must be duly acknowledged before some officer authorized to take acknowledgments, and properly certified to by him for registration;" and that since a contract of sale and purchase executed by the seller and purchaser passes an equitable title to the land, it should have been acknowledged by the vendor and not by the vendee. The contract of sale therein involved contained no acknowledgment whatsoever of the vendor, in contravention of Article 1294, and we do not regard such case as determinative of what constitutes a defective acknowledgment.

Appellants and appellee both cite *Smith v. Victory,* 69 S.W.2d 433 (Tex.Civ.App.— Texarkana 1934, writ ref'd), which involved a certificate of acknowledgment of a married woman under the old privy acknowledgment statute. Appellee cites the case as authority for the proposition that an attached deed can be looked at in construing the validity of the acknowledgment. The name of the wife was left blank in one place in the acknowledgment, but appears in another place in the certificate; there was also a variance between the spelling of the name in the acknowledgment and in the deed. The court held such acknowledgment sufficient stating that when considered with the remaining terms of the certificate, the omission of the name in the blank indicated did not render the certificate void. The court also found the difference in the spelling of the name in the deed and in the acknowledgment was not sufficient to invalidate the certificate of acknowledgment in that the doctrine of idem sonans was applicable.

Appellants also rely on *Huff v. Webb,* 64 Tex. 284 (1885), in which the court held that a certificate of acknowledgment, that did not affirmatively show that the person whose name is shown in the acknowledgment executed the deed, was not sufficient and the deed could not be admitted in evidence. The court stated that under the then Articles 4305 and 4312, Tex.Rev.Civ. Stat.Ann., a proper certificate of acknowledgment of a deed or other instrument must show that the maker appeared before the officer "and stated that *he* executed the same," and that the acknowledgment there involved did not show that the maker acknowledged before the officer that he had executed the deed.

Appellee relies chiefly on *Hill v. Foster,* 143 Tex. 482, 186 S.W.2d 343 (1945), and *Williams v. Cruse,* 130 S.W.2d 908 (Tex.Civ. App.—Beaumont 1939, writ ref'd). *Hill* involved a certificate of acknowledgment of a married woman which was defective in that it failed to show that the officer taking the acknowledgment fully explained the contents of the deed to the married woman and therefore did not meet the requirements of Article 6608, Tex.Rev.Civ.Stat.Ann., which prescribed the form of a certificate of acknowledgment of a married woman. The court held that in order for the notary's certificate to a married woman's acknowledgment to a deed to be valid, it is not necessary to use the exact language of the statute, but that a substantial compliance with the statute will be sufficient if it contains language which possesses the same meaning or represents the same facts. In view of other facts involved in this case, we do not regard it as exactly in point or controlling on the matter here before us.

■ We regard *Williams v. Cruse,* supra, a writ refused case, as most directly in point of any of the cases we have examined. In this case, it was contended that two acknowledgments were fatally defective. One acknowledgment was that of Anna Swearingen, a married woman, which failed to state that she willingly signed the deed. The court held that no exact form or words

were required, and that a certificate of acknowledgment was valid so long as it shows that all essential prerequisites were in fact complied with. The other acknowledgment under attack, which we regard as directly in point, was that of a grantor whose name was shown in the body of the deed as "Nancy A. E. Risinger." The deed was signed "Nancy A. E. Risinger 'her mark'." However, the acknowledgment was that of "Nancy A. E. Swearingen," and nowhere in the acknowledgment did the name "Nancy A. E. Risinger," appear. *The court held that an acknowledgment may be considered in connection with the instrument to which it is attached in determining its sufficiency.* The court stated that from the "instrument," it would appear that the officer who made the acknowledgment simply made an error in making out the certificate, and that the acknowledgment and the record sufficiently established that Nancy A. E. Risinger, grantor in the deed, and Nancy A. E. Swearingen, who acknowledged it, were one and the same person.

In *Williams* we have an error of commission; in the case before us, an error of omission; that is, the name of the person who signed the instrument is omitted from the acknowledgment. However, it clearly appears from looking at the deed and the acknowledgment, that the person who signed the deed and the person acknowledging the deed were one and the same person. The acknowledgment contains all the other necessary prerequisites of an acknowledgment; that is, that the signer personally appeared before the notary; that he was known to the notary to be the person whose name is subscribed to the deed; that he acknowledged to him that he executed the same for the purposes and considerations therein stated, in the capacity therein stated, and as the act and deed of the corporation.[1]

Appellant also contends that the deed involved did not impart constructive notice because of the provisions of Article 5.08 of the Texas Business Corporation Act which provides that a corporate conveyance shall be acknowledged in the manner prescribed for other conveyances of land, and that any such deed when recorded, if signed by the president or any vice-president of the company, shall constitute prima facie evidence that a resolution of the board of directors or stockholders was duly adopted. We have concluded that by looking at both the deed and the acknowledgment thereto it is clearly apparent that Adolph Alvarez signed the deed as President of Suniland Corporation and we do not regard appellants' contentions with regard to Article 5.08 as having merit.

We have concluded that under the summary judgment evidence and the applicable authorities the certificate of acknowledgment is not fatally defective, and that the acknowledgment shows that all essential prerequisites to a valid acknowledgment were in fact complied with.

All of appellants' points of error are overruled. The trial court did not err in granting appellee's motion for summary judgment and in refusing to grant appellants' motion for summary judgment. The judgment is affirmed.

---

1. *Smith v. Burgher,* 136 S.W. 75 (Tex.Civ.App. 1911, no writ), is another case in which the court looked to the deed in passing on the sufficiency of an acknowledgment. The acknowledgment was that of a married woman, and an objection was made to the deed on the ground that it appeared from the acknowledgment that it was doubtful that the married woman ever acknowledged it at all, as the acknowledgment did not show her to be the wife of D. M. Mason, but the wife of ___. The appellate court held that the objection was not tenable in that the deed stated that she was the wife of D. M. Mason. The court stated that the acknowledgment substantially complied with the statute, and that there was no error in admitting the deed.