TOOT'N TOTUM FOOD STORES, INC., Appellant,

v.

Clarence WILLIAMS, Appellee.

No. 8855.

Court of Civil Appeals of Texas, Amarillo.

Jan. 30, 1978.

**938**

Folley, Snodgrass & Calhoun, O. M. Calhoun, Amarillo, for appellant.

Wayne B. Barfield, Amarillo, for appellee.

REYNOLDS, Justice.

The district court affirmed the county judge's denial of an off-premise wine permit and beer license. The affirmance was predicated on factual findings of non-compliance with application procedures, and no determination was made whether the denial was reasonably supported by substantial evidence. We reverse the judgment because the findings are without support in the record, and remand the cause for the determination whether the county judge's denial is reasonably supported by substantial evidence.

Toot'n Totum Food Stores, Inc., a Texas corporation, applied to the county judge of

Carson County for a Wine Only Package Store Permit and a Beer Retailer's Off-Premise License for its store No. 47 located in the City of Panhandle. Each application discloses Toot'n Totum No. 47 as the trade name followed by the signature of Harley G. Woods, the vice-president of the corporation, affixed without a designation of his corporate capacity, and his personal acknowledgment.

Following an administrative hearing, County Judge Clarence Williams denied the applications. Toot'n Totum appealed to the district court. The county judge responded, particularizing his findings alleged to be supported by substantial evidence.

■ By virtue of the appellate procedure prescribed by Article 666–14 of the Texas Liquor Control Act,[1] it became the function of the district court to determine whether the order of the county judge is reasonably supported by substantial evidence, *Jones v. Marsh*, 148 Tex. 362, 224 S.W.2d 198, 201–02 (1949), introduced in the trial [district] court. *Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks*, 150 Tex. 433, 242 S.W.2d 181, 183 (1951). The district court hears evidence anew, not to ascertain if the county judge actually heard sufficient evidence to support his order but to determine if at the time the order was entered there existed substantial evidence to justify it. *Railroad Commission v. Shell Oil Co., Inc.*, 139 Tex. 66, 161 S.W.2d 1022, 1030 (1942); *State v. Peeler*, 200 S.W.2d 874, 878 (Tex.Civ.App.—Fort Worth 1947, no writ).

Here, the adduction of evidence in the district court included both the proceedings in the administrative hearing before the county judge and other evidence. Thereafter, the district court, without ruling whether the denial was reasonably supported by substantial evidence, affirmed the denial on the basis of these findings of fact:

---

1. The Texas Liquor Control Act, appearing as Articles 666–1 to 667–33 in Chapter 8 of Title 11 in the Texas Penal Code of 1925, was neither repealed by nor incorporated into the Texas Penal Code enacted effective 1 January 1974. Pending their proposed incorporation in the Alcoholic Beverage Code, these articles are published in Penal Auxiliary Laws Special Pamphlet (1974, *et seq.*). All references made herein to articles are to the articles of the Texas Liquor Control Act.

A. That the applications . . . are insufficient as a matter of law because they fail to show that Harley G. Woods executed the applications as an officer of the corporation and that he failed to acknowledge his execution of said applications as the act and deed of the corporation, as required by the terms of the application;

B. That there is no evidence that the application for the beer retailer's off-premise license was submitted to the Texas Liquor Control Board District Office in accordance with the provisions of Article 667–5(3)(i) of Vernon's Annotated Penal Code; and

C. That there is no evidence that the County Clerk of Carson County, Texas gave notice of such application for the beer retailer's off-premise license by publication . . . in accordance with the provisions of Article 667–6(b)(2) of Vernon's Annotated Penal Code.

None of these findings was advanced by the county judge as a reason for denying the applications. Toot'n Totum attacks the findings, asserting that the converse of each is established in the record made before the district court.

■ Finding of fact A pertains to both applications. First noted by the court as non-compliance is a failure to show that Harley G. Woods executed the applications as an officer of the corporation as required by the terms of the application. From this we deduce that the court found the applications required Mr. Woods' corporate capacity to be shown next to his signature.

Each application specifies that the applicant is the corporation and lists all of the officers. Harley G. Woods is listed as the vice-president of the corporation.

Under the signature line on the wine permit application where Mr. Woods affixed his signature is this wording: "Signature of Applicant(s) Or Officer if Applicant is a Corporation." Adjacent to the signature line is printed: "IMPORTANT: See instructions telling who must sign." The pertinent instructions are: "1. . . . If the applicant is a corporation, the applica-

tion must be signed by an OFFICER of the Corporation before a Notary Public"; and "9. . . . if a corporation, an officer must subscribe and swear to the application. . . ."

Under the signature line on the beer license application where Mr. Woods affixed his signature is this wording: ". . . If the application is for Beer Retailer's Off-Premise License . . . a corporate officer must sign." Adjacent to the signature line is printed: "IMPORTANT: See instructions telling who must sign this application before a Notary Public." The pertinent instruction is: "1. . . . If the application is for a Beer Retailer's Off-Premise License . . . a corporate officer named in question 14 must sign the application." In question 14, Harley G. Woods is listed as the vice-president of the corporation.

Neither application directs the corporate officer signing the application to designate his title next to his signature. Absent this direction, no particular form of signature is required if, as here, the application is signed by the proper officer and it is apparent that it is the corporation's application. *Cf. Robertson v. Bland,* 517 S.W.2d 676, 678 (Tex. Civ.App.—Houston [1st Dist.] 1974, writ dism'd). Consequently, we hold that the first portion of the finding of fact is without support in the record.

Next noted in finding A as non-compliance is that Mr. Woods failed to acknowledge his execution of the applications as the act and deed of the corporation as required by the terms of the applications. To be determined, then, is whether the applications make that requirement.

Here, each application is prepared for execution by an individual or on behalf of a partnership or a corporation. Each application provides only one form for acknowledgment—a form for an individual's acknowledgment. The form on each application was completed by the notary public to certify that Mr. Woods appeared and swore "that all of the facts set forth are true and correct."

■ These circumstances must be considered with applicable legal principles. Generally, each certificate must be judged by its own terms, *Spivy v. March*, 105 Tex. 473, 151 S.W. 1037, 1039 (1912), and the sufficiency of an acknowledgment may be considered in connection with the instrument to which it is attached. *Sheldon v. Farinacci*, 535 S.W.2d 938, 942 (Tex.Civ. App.—San Antonio 1976, no writ); *Williams v. Cruse*, 130 S.W.2d 908, 909 (Tex. Civ.App.—Beaumont 1939, writ ref'd). It has been held that an officer's personal acknowledgment of a corporate instrument does not render the acknowledgment ineffective. *Carlin v. Burrows Bros. Co.*, 6 N.E.2d 761, 763 (Ohio Civ.App.1936); 25 A.L.R.2d at 1157. But more in point, in *Muller v. Boone*, 63 Tex. 91 (1885), and in *Ballard v. Carmichael*, 83 Tex. 355, 18 S.W. 734 (1892), an objection was made to the acknowledgment of a corporate officer because it did not appear to be the act of the corporation. It was held that a corporate officer's acknowledgment that the execution was for the purposes therein expressed, as Vice-president Woods acknowledged here, was equivalent to acknowledging that it was the act of the corporation where the instrument purports to be the act of the corporation.

■ When we consider the acknowledgment in connection with the application, we conclude that there is no requirement that the execution of the application be shown in the acknowledgment as the act and deed of the corporation. We further conclude that, upon application of controlling law to the circumstances here, the acknowledgment was the equivalent of acknowledging that the execution was the act and deed of the corporation. Accordingly, finding of fact A must be set aside.

■ Finding of fact B recites there is *no evidence* that the application for the beer license was submitted to the district office of the Liquor Control Board[2] in accordance with Article 667–5(3)(i). By that article, the county judge may refuse to approve the application for a beer license if he has reasonable grounds to believe and finds that the applicant has failed or refused to furnish a true copy of his application to the Board's district office.

The county judge did not list such finding among the reasons he gave for denying the application. The record does not contain affirmative evidence that a true copy of the application was not submitted to the district office. Admitted in evidence was the refused application which shows a "Yes" answer to the question 33 inquiry whether a copy of the application has been filed with the commission's office in the district. Vice-president Woods testified that all answers to the questions contained in the application are true and correct. Thus, there being some evidence of submission, the finding of no evidence cannot stand.

■ Finding of fact C announces there is *no evidence* that notice of the application for a beer license was published. Although the record shows that in the administrative hearing a witness stated, "The beer has not been publicized," the county judge thereafter entered his order reciting "that due and legal notice was given as required by law." The order was admitted in evidence in the district court without any challenge being made there to the recital. The recital, therefore, is some evidence of probative force showing the required notice. *Cf. Texas Employers' Ins. Ass'n. v. Neatherlin*, 31 S.W.2d 673, 675 (Tex.Civ.App.—Eastland 1930, no writ). Hence, the no evidence finding must fall.

■ Toot'n Totum's final point is that the trial court did not make a finding whether the county judge's order was or was not reasonably supported by substantial evidence. It is, as previously noted, the duty of the district judge to determine under the test of the substantial evidence rule whether the evidence produced in district court sustained the county judge's refusal. *Sikes v. Texas Liquor Control Board*, 243 S.W.2d 395, 397 (Tex.Civ.App.—Galveston 1951, no writ).

2. Effective 1 January 1970, the name of the Texas Liquor Control Board was changed to the Texas Alcoholic Beverage Commission.

Tex.Penal Code Aux. Laws art. 666–5b (Vernon 1977).

An important feature of the trial in district court is the taking of the testimony, including the determination of what evidence shall be admitted and what shall be rejected and the weight to be given thereto. *Railroad Commission v. Shell Oil Co., supra,* at 1028. Although circumscribed by the substantial evidence rule, the district judge has a right and the duty to pass upon the credibility of the witnesses, *Texas Liquor Control Board v. Saiz,* 220 S.W.2d 502, 510 (Tex.Civ.App.—El Paso 1949, no writ), whose demeanor is observed by the trial court but not by the appellate court. In discharging this duty, the trial court is bound by the findings of fact made by the county judge only if, after considering all the credible evidence, they are believed to be true. *Killingsworth v. Broyles,* 300 S.W.2d 164, 167 (Tex.Civ.App.—Austin 1957, no writ).

Because the findings made by the district court are not supported by the record and the court failed to determine whether the county judge's denial is reasonably supported by substantial evidence, the judgment must be reversed and the cause remanded. To this extent, all of Toot'n Totum's points of error are sustained.

The judgment of the trial court is reversed, and this cause is remanded for proceedings consistent with this opinion.