

# THE ATTORNEY GENERAL
## OF TEXAS

April 5, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Travis S. Ware
Criminal District Attorney
Civil Division
P. O. Box 10536
Lubbock, Texas   79408

Opinion No. JM-883

Re: Requirements of acknow-
ledgment   and   jurat   in
instruments recorded  by  a
county clerk (RQ-1339)

Dear Mr. Ware:

You ask whether  a jurat  may be  included within  an
acknowledgment. A jurat is a certificate added to an
affidavit stating when, before whom, and where it was
made, while an acknowledgment is  a declaration of a  fact
to give it legal validity.  Webster's Ninth New Collegiate
Dictionary. See Hill v. Floating Docks of America, Inc.,
590 S.W.2d 723, 729 (Tex.  Civ. App. - San Antonio,  1979,
no writ).   You have  submitted a  document in  which  the
substance of the jurat and the acknowledgment are combined
in a  single paragraph  over  the notary's  signature  and
seal.  Your concern is that an instrument which contains a
combination of  the two  places  a  greater burden  on  the
county clerk in examining  the instrument to determine  if
there is compliance with the requisites of both affidavits
and acknowledgments.

Section 12.001 of the Property Code provides:

(a) An  instrument  concerning  real    or
personal property may be recorded if it  has
been acknowledged  or  proved  according  to
law.

(b) An instrument conveying real property
may not be recorded unless it is signed  and
acknowledged by the grantor in the  presence
of two or more credible subscribing witness-
es or acknowledged  before and certified  by
an officer  authorized to  take  acknowledg-
ments.

> (c) This section does not require the acknowledgment or prohibit the recording of a financing statement, a security agreement filed as a financing statement, or a continuation statement filed for record under the Business & Commerce Code.

You cite Attorney General Opinion O-4622 (1942) as authority for the proposition that before certain instruments can be recorded, they must be both sworn to and acknowledged.

In Attorney General Opinion O-4622 it was stated:

> Under Article 6626 of Revised Civil Statutes the only instruments which are entitled to be recorded are those that have been either acknowledged as provided by Article 6603 of the Revised Civil Statutes or those proved under the provisions of Article 6612, 6613 and 6614 of the Revised Civil Statutes [these requirements now appear in section 12.001 of the Property Code].

> You ask whether an affidavit, in order to be recorded should have a jurat and also an acknowledgment. It takes the jurat to make the instrument an affidavit. Before the County Clerk can be required to record an affidavit it must be acknowledged.

In addressing the responsibilities of the district and county clerk in filing instruments, Attorney General Opinion JM-727, (1987) stated:

> The courts and this office have repeatedly characterized the powers and duties of the district clerk and county clerk as ministerial functions. See Benge v. Foster, 47 S.W.2d 862 (Tex. Civ. App. - Amarillo 1932, writ ref'd); Attorney General Opinion Nos. JM-694 (1987); JM-166 (1984); cf. Attorney General Opinion JM-533 (1986).

Section 11.004 of the Property Code provides in relevant part:

> (a) A county clerk shall:
>
> (1) correctly record, as required by law, within a reasonable time after delivery, any instrument authorized or required to be recorded in that clerk's office that is proved or acknowledged according to law;

Neither Attorney General Opinion O-4662 nor the statutes place any responsibility upon the county clerk to determine the correctness of an affidavit or its jurat contained in an instrument presented to the county clerk for recording. Section 11.004 requires the clerk to record "any instrument authorized or required to be recorded in that clerk's office that is proved or acknowledged according to law." Subsection (b) of section 11.004 provides that a county clerk who violates any provision of this section is subject to civil penalty of not more than $500.00. It is not the responsibility of the county clerk to determine if an affidavit contained in an acknowledgment has the required jurat.

A jurat has been defined as "a certificate by a competent officer that the writing was sworn to by the person who signed it." Hill v. Floating Docks of America, Inc., 590 S.W. at 729. An acknowledgment does not require the exact words as long as it contains language which possesses the requisite meaning or represents the same facts. Williams v. Cruise, 130 S.W.2d 908 (Tex. Civ. App. - Beaumont 1939, writ ref'd). The instrument to which the acknowledgment is attached may be considered in determining the sufficiency of the acknowledgment. Sheldon v. Farinacci, 535 S.W.2d 938 (Tex. Civ. App. - San Antonio 1976, no writ). The specimen acknowledgment you have submitted contains the recitation "who after swearing to the truth of the statements contained herein" preceding the requisite acknowledgment recitations and reflects that it is duly signed under the hand and seal of a notary public. See section 121.004 Texas Civ. Prac. & Rem.

Code.[1] No reason is perceived why a jurat may not appear in an acknowledgment. It is unnecessary to answer your second question since it is predicated on an answer to your first inquiry that a jurat and acknowledgment must appear separately on an instrument.

A jurat may be included within an acknowledgment. It is not the function of the county clerk to determine the sufficiency of a jurat appearing in an instrument that meets the requirements for recording set forth in section 12.001 of the Property Code.

## S U M M A R Y

A jurat may be included within an acknowledgment. It is not the function of the county clerk to determine the sufficiency of a jurat appearing in an instrument that meets the requirements for recording set forth in section 12.001 of the Property Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

---

1. Section 121.004 sets forth the method of acknowledgment, as follows:

(a) To acknowledge a written instrument for recording, the grantor or person who executed the instrument must appear before an officer and must state that he executed the instrument for the purposes and consideration expressed in it.

(b) The officer shall:
    (1) make a certificate of the acknowledgment;
    (2) sign the certificate; and
    (3) seal the certificate with the seal of office.

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General