**KERMIT CONCERNED CITIZENS COMMITTEE, Appellant,**

v.

**COLONIAL FOOD STORES, INC., Appellee.**

No. 08–82–00005–CV.

Court of Appeals of Texas, El Paso.

April 20, 1983.

Michael L. Fostel, Dist. Atty., Kermit, for appellant.

Jack Q. Tidwell, Bill McCoy, McMahan, Cox, Tidwell, McCoy, Sharp & Hansen, Odessa, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

WARD, Justice.

This is an appeal from a judgment of the district court of Winkler County which set aside the judgment entered in the county court denying the application for a beer retailer's off-premise license. We affirm the judgment of the district court.

The Appellee, Colonial Food Stores, Inc., properly prepared and filed an application to secure a beer retailer's off-premise license for its food store to be constructed at the intersection of Campbell and Poplar Streets in Kermit. It was stipulated that the area was wet and that all procedural requirements for licensing had been met. The Appellee's application was unopposed by the Texas Alcoholic Beverage Commission. Appellant, Kermit Concerned Citizens Committee, an unorganized association of individuals, appeared in the county court action and protested granting the off-premise beer and wine license to the Appellee. Hearing was had upon such application, after which the county court rendered its decision denying the application on the grounds that the proposed business would create a traffic safety hazard. Upon appeal, the district court found no substantial evidence to support the county judge's refusal and set aside the order denying the Appellee's license.

The Appellant's first three points are evidentiary in nature and call upon our duty to determine whether there was substantial evidence introduced in the district court to support the order of the county judge denying the permit. Tex.Alc.Bev. Code Ann. secs. 11.67 and 61.43. The substantial evidence rule requires the district court to affirm the decision of a county judge if the order was reasonably supported by substantial evidence introduced in the district court. *Toot'N Totum Food Stores, Inc. v. Williams,* 561 S.W.2d 937 (Tex.Civ. App.—Amarillo 1978, no writ).

A county judge is required to refuse an application if he has reasonable grounds to believe and finds that the place in which the applicant intends to conduct his business warrants a refusal based on the general welfare, health, peace, morals, safety and sense of decency of the people. Tex. Alc.Bev.Code Ann. sec. 61.42(a)(3). Substantial evidence that the granting of a license will create a hazardous traffic condition will support a denial of the application on the basis of public safety. *Rector v. Texas Alcoholic Beverage Commission,* 598 S.W.2d 888 (Tex.Civ.App.—Beaumont 1980), rev'd on other grounds, 599 S.W.2d 800 (Tex.1980); *Dienst v. Texas Alcoholic Beverage Commission,* 536 S.W.2d 667 (Tex.Civ. App.—Corpus Christi 1976, no writ). However, before a license can be denied to a fully qualified applicant who proposes to operate a lawful business in a wet area, some unusual condition or situation must be shown to exist which would justify the refusal. *In re Simonton Gin, Inc.,* 616 S.W.2d 274 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ); *Texas Alcoholic Beverage Commission v. Mikulenka,* 510 S.W.2d 616 (Tex.Civ.App.—San Antonio 1974, no writ).

One witness, Assistant Police Chief David Norwood, testified for denial of the application at the hearing before the county judge. This testimony showed that a junior high school, a Dairy Queen, a private residence and a service station occupied the corner lots adjacent to the intersection where the Appellee planned to place its convenience store. The store would replace the service

station. Norwood's protest was based solely on the potential danger to school children once the Appellee began operating its store, and he testified that the intersection was sufficiently busy to justify installation of a traffic light which currently regulated the traffic. Based on observations at other convenience stores, he expressed his opinion that the business would generate more traffic around the intersection and make the situation more hazardous than it already was. He admitted that other convenience stores selling beer had caused no particular problems and that such stores had not generated more traffic than a popular service station. He testified that the Appellee's store would be four blocks from the local high school stadium and that he knew of at least two other stores selling beer within the same distance. There was also evidence that the junior high school at the intersection would be vacated by the fall of 1983. There was nothing in the record of the hearing before the county court which indicated that an increase in traffic would result from the issuance of the license requested. He further admitted that his concern over the increase in traffic was no more than it would be with or without the store and that the store being there would create no more concern than any other major intersection in town. He did express concern that people might be drinking who were coming to the store, but he admitted as a law enforcement official that most people who stop at a grocery store to pick up beer are not intoxicated.

■ As is shown by the record, the only basis for the Appellant's objection to the granting of the license was the issue of safety. However, we fail to find any evidence showing that the granting of the requested license itself would have an effect on the safety conditions surrounding the intersection. There is no requirement that the applicant correct existing traffic conditions in order to be eligible for an off-premise license, and there is no requirement that the applicant select a location virtually free of traffic hazards in order to qualify for an off-premise retailer's license. We hold that the denial of the permit was not supported by substantial evidence. *In re Simonton Gin, Inc.,* supra. As stated in the *Mikulenka* case, supra, in order to deny a permit to a fully qualified applicant who proposed to operate a lawful business in a wet area and in compliance with the zoning ordinances of the city, some unusual condition or situation must be shown so as to justify a finding that the place or manner in which the applicant may conduct his business warrants a refusal of a permit. No such condition or situation is shown under this record. The trial court did not err in concluding that the county court's denial of the application was not reasonably supported by substantial evidence. The first three points are overruled.

■ Appellant's final point complains of the trial court's denying a supersedeas bond in any amount. In an appeal from a license refusal, the order, decision or ruling of the commission or administrator may be suspended or modified by the court pending a trial on the merits, but the final judgment of the district court may not be modified or suspended pending appeal. Tex.Alc.Bev. Code Ann. sec. 11.67(b)(4). It is the Appellant's contention that the legislature intended this statute to prevent the applicant from suspending a district court judgment denying his application but not to prevent suspension in cases where the applicant prevails in the district court. If the legislature had intended to limit the restriction of Sec. 11.67(b)(4) to appeals by the applicant, it would have been simple for it to have done so. In the absence of any such limitation on the applicability of Sec. 11.67, we interpret the statute to mean that supersedeas of the district court's judgment is denied pending appeal by either party. The Appellant's Point of Error No. Four is overruled.

The judgment of the district court is affirmed.