William E. GIBSON, Appellant,

v.

TEXAS MUNICIPAL RETIREMENT
SYSTEM, Appellee.

No. 14180.

Court of Appeals of Texas,
Austin.

Jan. 9, 1985.
Rehearing Denied Jan. 30, 1985.

Nell Hahn, Daves, McCabe & Hahn, Austin, for appellant.

Gaynor Kendall, Kendall, Randle, Finch & Osborn, Austin, for appellee.

Before SHANNON, C.J., and EARL W. SMITH and BRADY, JJ.

SHANNON, Chief Justice.

William E. Gibson appeals from the judgment of the district court of Travis County affirming an order of the Board of Trustees of the Texas Municipal Retirement System. The Board's order denied Gibson's application for a supplemental disability benefit. This Court will reverse the judgment of the district court.

At all times material, Gibson was an employee of the Fire Department of the City of Waco, a participating municipality of the Texas Municipal Retirement System. Gibson became a member of the Retirement System in 1962 and remained so until 1982 when he terminated his employment with the City of Waco.

Gibson has suffered from cardiomyopathy, a heart disease, at least from 1978. Cardiomyopathy is progressive and irreversible, and the only known treatment is rest and controlled activity.

Gibson asserts primarily that in the performance of his duties as a fireman on or about April 22, 1980, he aggravated his heart condition. More specifically, Gibson claims that on April 22, 1980, while assisting in the repair of a broken garage door at the fire station, he spent fifteen to twenty minutes with his arms extended over his head putting tension on a heavy spring. Immediately afterward he experienced chest pains in increasing intensity. Referring to that incident, Gibson's physician, William N. Roddy, testified that "I can tell you the day that I saw him in April of 1980, after what had happened to him, it had done him harm that day. His activities of that day had damaged him. I think led him to where he is now." Other medical evidence established that because of his heart condition, Gibson was unable to engage in gainful employment.

In 1981 Gibson filed with the Retirement System an application for (1) a standard disability retirement and for (2) a supplemental disability benefit. The application for the standard disability retirement was grounded upon his claim that he was incapable of engaging in gainful employment because of the heart condition. Public Retirement Systems, Title 110B, §§ 64.303 and 64.306 (1983). Gibson's application for the supplemental disability benefit was predicated upon his assertion that his incapacity was a direct and proximate result of injuries sustained on April 22, 1980, in the performance of his duties as a fireman. Public Retirement Systems, *supra* § 64.-402.

By its order, the Board concluded that Gibson was, indeed, entitled to the standard disability benefit, but that he was not entitled to a supplemental disability benefit. In the terms of § 64.402, the Board found that Gibson's incapacity was not "a direct and proximate result of the performance of his duties" as an employee of the City of Waco.

By two points of error, Gibson claims that the district court erred in affirming the Board's order because the Board's ultimate finding, that Gibson's incapacity was not a direct and proximate result of the performance of his duties, was not supported by underlying findings of fact.

Findings of fact, if set forth in statutory language, must be accompanied by a concise and explicit statement of the underlying facts supporting the findings. Tex. Rev.Civ.Stat.Ann. art. 6252–13a, § 16(b)

(Supp.1984). There are at least three purposes for requiring a concise and explicit statement of underlying facts when the agency's conclusions are couched in statutory language: (1) to insure that the agency gives full consideration to the evidence and a serious appraisal of the facts before rendering a decision; (2) to inform complaining parties of the facts found so that they may prepare and present intelligibly both a motion for rehearing to the agency and, if desired, an appeal to the courts; and (3) to assist the courts in properly exercising the function of judicial review. *Miller v. Railroad Commission of Tex.*, 363 S.W.2d 244, 245–6 (Tex.1963); Shannon and Ewbank, *The Texas Administrative Procedure* and *Texas Register Act Since 1976— Selected Problems*, 33 Baylor L.Rev. 393, 409 (1981).

■ Gibson argues that the Board, by couching its causation finding in statutory language without filing underlying facts, failed to confront the pivotal question for decision: whether the on-the-job strain incurred in repairing the garage door on April 22, 1980, aggravated Gibson's pre-existing heart condition. If, indeed, the strain aggravated the pre-existing heart condition then Gibson is entitled to receive the supplemental disability benefit. *See Texas Employers' Ins. Ass'n v. Frankum,* 148 Tex. 95, 220 S.W.2d 449 (1949). Dr. Roddy's testimony, previously quoted, supports Gibson's aggravation thesis. Accordingly, the Board was required to make and file a finding regarding that contention. Because the Board failed to do so, it violated Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 16(b), and accordingly, its order is invalid. *Bay City Federal Savings and Loan Ass'n v. Lewis,* 474 S.W.2d 459 (Tex.1971).

■ In defense of the judgment, the Board claims that Gibson did not point out the flaw in his exceptions to the hearing officer's proposal for decision, thereby waiving his right to complain of the omission of the underlying finding.[1]

Texas Rev.Civ.Stat.Ann. art. 6252–13a § 15 provides:

[i]f in a contested case a majority of the officials of the agency who are to render the final decision have not heard the case or read the record, the decision, if adverse to a party to the proceeding other than the agency itself, may not be made until a proposal for decision is served on the parties, and an opportunity is afforded to each party adversely affected to file exceptions and present briefs to the officials who are to render the decision. If any party files exceptions or presents briefs, an opportunity must be afforded to all other parties to file replies to the exceptions or briefs. The proposal for decision must contain a statement of the reasons for the proposed decision and of each finding of fact and conclusion of law necessary to the proposed decision, prepared by the person who conducted the hearing or by one who has read the record. The proposal for decision may be amended pursuant to exceptions, replies, or briefs submitted by the parties without again being served on the parties. The parties by written stipulation may waive compliance with this section.

■ A major function of exceptions to proposals for decision filed prior to the rendition of a final order of the agency is to afford an opportunity to a party to point out to the agency any portion of the evidence or any issue which may have been

---

1. The Board *does not* claim that Gibson waived his complaint by failing to preserve that complaint in a properly worded ground in its motion for rehearing. Gibson's motion for rehearing provides only as follows:

   Claimant William E. Gibson hereby moves for a rehearing regarding the Opinion and Final Decision herein whose rendition date is December 16, 1982 on the grounds stated in Claimant's exception to Proposal for decision herein.

   Texas Rev.Civ.Stat.Ann. art. 6252–13a § 16(e) requires that motion for rehearing be sufficient-

ly definite to apprise the agency of the claimed error ·and to allow the agency opportunity to correct the error or to prepare to defend it. *Suburban Utility Corp. v. Public Utility Com'n,* 652 S.W.2d 358 (Tex.1983); *United Savings Ass'n of Texas v. Vandygriff,* 594 S.W.2d 163, 168 (Tex.Civ.App.1980, writ ref'd n.r.e.).

Gibson's motion for rehearing plainly does not comply with § 16(e) but, as before mentioned, the Board does not assert waiver based on this ground.

overlooked, misunderstood, or improperly appraised. The parties are thereby given a valuable opportunity not only to argue to the agency officers who will make the final decision what findings of fact and conclusions the record compels, but also to argue all applicable principles of law. *See Consumers Water, Inc. v. Public Utility Commission of Texas*, 651 S.W.2d 335 (Tex. App.1983, writ ref'd n.r.e.).

This Court has examined Gibson's exceptions to the proposal for decision. It is true that those exceptions are in narrative form and are rather general. The discussion found in the exceptions to the proposal, nevertheless, makes it plain that Gibson was relying, at least in part, upon the theory that the April 22, 1980, job-related incident aggravated his heart condition. The exceptions to the proposal for decision were sufficiently definite to apprise the Board of the claimed error. Accordingly, the Board was placed on notice of Gibson's contention and was duty-bound to examine the evidence and to file findings, affirmatively or negatively, in that respect.

The judgment is reversed and the cause is remanded to the district court with instructions to return the cause to the agency for further consideration in light of this Court's opinion.