**TEXAS WATER COMMISSION,**
Appellant,

v.

**CUSTOMERS OF COMBINED WATER SYSTEMS, INC., Appellee.**

No. 3–91–547–CV.

Court of Appeals of Texas,
Austin.

Nov. 25, 1992.

Rehearing Overruled Feb. 3, 1993.

---

tomers of the Utility (the "Ratepayers")
petitioned for judicial review of the Commission's order in district court. Reversing
the Commission's order, the district court
determined that the Commission did not
have jurisdiction because the Utility failed
to comply with certain statutory notice requirements. The Commission appeals the
district court's judgment. We will reverse
the trial court's judgment and remand the
cause.

## STATUTORY FRAMEWORK AND PROCEDURAL BACKGROUND

This action began when the Utility decided to initiate the process for increasing its
rates. At issue in the present lawsuit is
section 13.187(a) of the Water Code, which
states in pertinent part:

> A utility may not make changes in its
> rates except by delivering a statement of
> intent to each ratepayer and with the
> regulatory authority having original jur
> isdiction at least 30 days before the ef
> fective date of the proposed change....
> The statement of intent must include the
> information required by the regulatory
> authority's rules.

Tex.Water Code Ann. § 13.187(a) (West
Supp.1992).

Pursuant to this statute, on October 15,
1987, the Utility sent its Ratepayers notice
of an increase in rates, to be imposed November 16, 1987. Subsequently, on December 3, 1987, the Utility sent its Ratepayers
a second notice of a larger rate increase to
be effective January 4, 1988. On neither of
these occasions did the Utility immediately
file with the Commission its application for
a rate increase and its rate filing package.

The Commission has promulgated an administrative rule to supplement the notice
section of the Water Code:

> A notice or an application shall not be
> deemed to have been filed until a deter
> mination of administrative completeness
> is made.... If the executive director
> determines that material deficiencies ex
> ist in any pleadings, statement of intent,
> applications, or other requests for com
> mission action addressed by this chapter,
> the notice or application may be rejected

Dan Morales, Atty. Gen., Susan D. Bergen, Asst. Atty. Gen., Austin, for appellant.

Charles G. Morton, Jr., Bullard, for appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

KIDD, Justice.

Following an order rendered by the Texas Water Commission (the "Commission")
granting a rate increase to Combined Water Systems, Inc. (the "Utility"), the cus

and the effective date suspended until the deficiencies are corrected.

31 Tex.Admin.Code § 291.8(a) (1992).

Following the issuance of the December 3, 1987, notice, the Utility did submit to the Commission, in December 1987, its application for a rate increase and rate filing package. The Commission determined the application to be materially deficient. The Commission thus suspended the effective date of the rate increase under section 291.-21(j) of the Administrative Code, which states, "The effective date of a proposed rate increase under the Texas Water Code, § 13.187, is the proposed date on the notice unless suspended...." 31 Tex.Admin.Code § 291.21(j) (1992).

In February 1988, the Utility delivered a corrected application for a rate increase and a rate filing package to the Commission. The Commission found the application administratively complete on or about February 19, 1988.

Consequently, for the third time, on February 20, 1988, the Utility sent a notice to its Ratepayers. However, this time the notice erroneously stated the rate increase would become effective on January 20, 1988.[1]

In the fall of 1988, a hearings examiner conducted a preliminary hearing, followed by a full hearing on the merits of the rate increase application. The Ratepayers and their attorneys were present and participated in the administrative proceeding. The Ratepayers argued that the Commission lacked jurisdiction to consider the case because the Utility had failed to comply with the notice rules. The Ratepayers contended that (1) the first notice was insufficient because the Utility never filed a supporting

application with the Commission, (2) the lapse of time between the second notice and the supporting application was too great for the second notice to be valid, and (3) the third notice purported to give notice of a retroactive rate increase.

The Commission, on March 31, 1989, issued an order overruling the Ratepayers' contentions regarding jurisdiction and granting the rate increase based on reasonable and necessary operating expenses of the Utility. The order corrected the proper effective date for the new rate increase to March 20, 1988, from the January 20, 1988, date erroneously stated by the Utility in its third notice.

The Ratepayers filed a motion for rehearing, which the Commission overruled. They subsequently petitioned the district court for judicial review of the Commission's order, bringing three points of error. The Ratepayers contended in one point that, because the notices were statutorily deficient, the Commission lacked jurisdiction to consider the Utility's application. The trial court sustained this point of error and·reversed the Commission's order on jurisdictional grounds without reaching the other two points.[2] The court remanded the cause to the Commission with instructions to dismiss the application and awarded the Ratepayers attorney's fees and expenses.

## DISCUSSION

1. Compliance with Statutory Notice Requirements

 The Commission's order is entitled to substantial evidence review. *Public Util. Comm'n v. Gulf States Utils. Co.*, 809 S.W.2d 201, 211 (Tex.1991). We may

---

1. The earliest possible date that the increase could have become effective was March 20, 1988, thirty days after the notice was issued. Indeed, this was the effective date that the Commission eventually used in ordering the rate increase at issue in this appeal.

2. In their second point of error in district court, the Ratepayers alleged that the Commission erred in granting the rate increase because the Utility did not sustain its burden of proof that the increase was just and reasonable. The third point of error raised the contention that the Commission erred in adopting improper and

prejudicial material and arguments in its final order, denying the Ratepayers due process. Specifically, the Ratepayers alleged that over forty days after the issuance of the proposal for decision, the executive director filed exceptions which could only be filed ten days after such issuance, according to statute. 31 Tex.Admin.Code § 269.6 (1992). The consideration and inclusion of these "exceptions" the Ratepayers argued, denied them due process because they were never sent a copy of or allowed to respond to them.

not substitute our own judgment as to the weight of the evidence. *Id.* Therefore, we must reverse the Commission's decision if it is not supported by substantial evidence or if the order was arbitrary, capricious, or an abuse of discretion. *Id.* at 210–11; Administrative Procedure and Texas Register Act ("APTRA"), Tex.Rev.Civ.Stat.Ann. art. 6252–13a § 19(e)(5), (6) (West Supp.1992). In *United Resource Recovery, Inc. v. Texas Water Commission,* 815 S.W.2d 797, 801 (Tex.App.—Austin 1991, writ denied), this Court held that substantial evidence review analysis requires a review of the record to determine whether there was a reasonable basis for the Commission's action. A court should uphold the agency's order if (1) the findings of underlying fact in the order fairly support the Commission's findings of ultimate fact and conclusions of law, and (2) the evidence presented at the hearing reasonably supports the findings of underlying fact. *Id.*

 In its second point of error on appeal in this Court, the Commission argues that it correctly found compliance with statutory notice requirements. The Ratepayers, however, maintain that they were never given effective notice. As the facts demonstrate, the Utility sent notice to the Ratepayers on three occasions: October 15, 1987; December 3, 1987; and February 20, 1988. The Commission accepted the Utility's application on or about February 19, 1988. For the reasons recited earlier, the Ratepayers argue that the Commission lacked jurisdiction since each notice failed to follow the technical statutory notice requirements.

The Commission responds that it exercised its authority to suspend the effective date proposed by the utility in its second notice because the application was not in accordance with agency rules. On December 30, 1987, the Commission informed the Utility that because its application was incomplete, the effective date for the rate change would be suspended. The Commission subsequently accepted the application for filing around February 19, 1988, and requested that the Utility renotify its Ratepayers. Although the new effective date was misstated in the third notice, the Commission rectified this error in its order.

A claim of noncompliance with a notice provision may raise two different types of notice issues. First, failure to give proper notice may endanger due process guarantees by rendering an opponent unable to respond and provide a proper defense. The second type of notice issue may be characterized as one that is informational in nature, e.g., statement of intent to raise rates on an approximate date. A defect in this second form of notice can never deprive the Commission of jurisdiction because the Commission is empowered by statute to suspend the effective date to allow the utility to correct any errors or defects in the application. Based on the facts of this case, the defect in notice, if it existed at all, was cured by the Commission. The Commission, in its order, established the effective date for increased rates as the corrected date that should have been included in the third notice.

The December 3, 1987, notice complied with all statutory requirements. The notice informed the Ratepayers about the proposed new rates, the proposed effective date, and the Ratepayers' right to protest the proposed rate increase. Because of a determination of administrative incompleteness, the Commission suspended the effective date for the rate increase. In its order, the Commission rectified the defect in the third notice relating to the proposed effective date by noting that the earliest possible effective date was March 20, 1988. The order is supported by substantial evidence and is not arbitrary, capricious, or an abuse of discretion. The Ratepayers were given notice of a rate increase as early as October 15, 1987, and the rate increase did not go into effect until over five months later on March 20, 1988. It is difficult to see under these facts how the Ratepayers were harmed when the statute only requires giving approximately one month's advance notice. We conclude, under the facts of this case, the notice of December 3, 1987, was adequate, and the Commission's finding in this regard was supported by substantial evidence. Therefore, the Com-

mission's point of error in this regard is sustained.

## 2. Sufficiency of the Ratepayers' Motion for Rehearing

■ Because we find it necessary to reverse the judgment and remand this cause, we address the Commission's point that the Ratepayers' motion for rehearing at the Commission level was not specific enough to raise a jurisdictional question in the district court proceeding.

APTRA provides that "[a] motion for rehearing is a prerequisite to an appeal." Tex.Rev.Civ.Stat.Ann. art. 6252–13a § 16(e) (West Supp.1992). Although the legislature did not address the specificity necessary in motions for rehearing, the supreme court stated that "section 16(e) requires that the motion for rehearing be sufficiently definite to apprise the regulatory agency of the error claimed and to allow the agency opportunity to correct the error or to prepare to defend it." *Suburban Util. Corp. v. Public Util. Comm'n of Texas,* 652 S.W.2d 358, 365 (Tex.1983); *United Sav. Ass'n v. Vandygriff,* 594 S.W.2d 163, 168 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.).

The Ratepayers' motion for rehearing reads as follows:

5. The Commission erred in granting applicant's petition for a rate increase and in finding, as a fact, and so ruling that the Texas Water Commission has jurisdiction over this rate filing application pursuant to Section 13.187 of the *Texas Water Code* and 31 *TAC,* Chapter 291, and in failing to adopt the hearing examiner's conclusion of law that the Texas Water Commission does not have jurisdiction over this rate filing application/package pursuant to Section 13.187 of the *Texas Water Code* and 31 *TAC* Sec. 291.22(a)(1).

The conclusions of law and findings of fact made by the Commission to the contrary, are not supported by substantial evidence.

In support of the foregoing point of error, Protestants quote the relevant portion of the hearing examiners [sic] proposal for decision which is the correct application of the law and the facts in this case, see *Proposal for Decision, Combined Water Systems, Inc.,* February 15, 1988, pages 3 through 6.

In its brief, the Commission directs our attention to our decision in *Gibson v. Texas Municipal Retirement System,* 683 S.W.2d 882 (Tex.App.—Austin 1985, no writ). In that case, we suggested in dicta that a motion might not provide sufficient detail by merely referring to a previous pleading. *Id.* at 884 n. 1. In the case at bar, the Ratepayers referred to a proposal for decision by the hearings examiner, not merely their own pleading. Furthermore, the Ratepayers' motion provided a page reference to the hearings examiner's proposal in support of their argument. Additionally, the Ratepayers raised their objection to the Commission's granting the rate increase and finding of jurisdiction. Finally, they also referred specifically to section 13.187 of the Texas Water Code as the legal basis for their claim.

Based on these facts, we conclude that the Ratepayers' motion for rehearing was sufficiently definite to apprise the Commission of their contention and to comply with APTRA's jurisdictional prerequisites to judicial review. We therefore overrule the Commission's point of error in this regard.

## CONCLUSION

We reverse the trial court's final judgment. Because, as we previously noted, the Ratepayers presented two additional points of error to the district court which have not been resolved, we remand the cause to that court for further proceedings.