COMBINED WATER 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00051-CV






The Customers of Combined Water Systems, Inc., Appellant



v.



Texas Water Commission, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


 NO. 466,041, HONORABLE JOE B. DIBRELL, JR., JUDGE PRESIDING






 The customers ("Ratepayers") of Combined Water Systems, Inc. ("the Utility")
appeal a district-court judgment affirming a Texas Water Commission ("the Commission") (1) order
granting the Utility a rate increase. We will affirm the judgment of the district court.



BACKGROUND


 This is a suit for judicial review of an order entered by the Commission. In 1988,
the Utility, a privately owned water company, filed an application for a rate increase with the
Commission. The Ratepayers objected to this rate increase. After an administrative hearing on
the merits of the application, the Commission granted the Utility the requested rate increase. The
Ratepayers filed a motion for rehearing, which the Commission overruled. Subsequently, the
Ratepayers sued for judicial review of the Commission's order, bringing three points of error. The Ratepayers contended in point one that the Commission lacked jurisdiction to consider
the Utility's application because the Utility failed to meet a statutory notice requirement. The
Ratepayers contended in their second point that the Commission erred in granting the order
because the Utility did not sustain its burden of proof that the rate increase was just and
reasonable. Finally, in their third point, the Ratepayers contended that the Commission denied
them due process by considering an improper ex parte communication from the Executive Director
of the Commission.

 The district court sustained the Ratepayers' first point of error and reversed the
Commission's order without reaching the second and third points. On appeal by the Commission,
we reversed the judgment of the district court and remanded the cause for consideration of the
Ratepayers' second and third points of error. Texas Water Comm'n v. Customers of Combined
Water Systems, Inc., 843 S.W.2d 678, 682 (Tex. App.--Austin 1992, no writ). On remand, the
district court overruled the Ratepayers' remaining two points of error and affirmed the
Commission's order.

 The Ratepayers appeal the district-court judgment on the remaining two points of
error.



DISCUSSION AND HOLDINGS


Substantial Evidence Review

 In their first (2) point of error, the Ratepayers contend that the district court erred in
concluding that the Utility sustained its burden of proving that the proposed rate increase was just and reasonable. We construe this point as a substantial-evidence challenge to the
Commission's order pursuant to the Administrative Procedure Act ("APA"). Tex. Gov't Code
Ann. § 2001.174 (West 1995).

 In conducting a substantial-evidence review, we must first determine whether the
evidence as a whole is such that reasonable minds could have reached the conclusion the agency
must have reached in order to take the disputed action. Texas State Bd. of Dental Examiners v.
Sizemore, 759 S.W.2d 114, 116 (Tex. 1988), cert. denied, 490 U.S. 1080 (1989); Texas Health
Facilities Comm'n v. Charter Medical, 665 S.W.2d 446, 453 (Tex. 1984). We may not substitute
our judgment for that of the agency and may consider only the record on which the agency based
its decision. Sizemore, 759 S.W.2d at 116. The appellant bears the burden of showing a lack of
substantial evidence and cannot meet this burden merely by showing that the evidence
preponderates against the agency decision. Charter Medical, 665 S.W.2d at 452-53. If
substantial evidence would support either affirmative or negative findings, we must uphold the
agency decision and resolve any conflicts in favor of the agency decision. Auto Convoy Co. v.
Railroad Comm'n, 507 S.W.2d 718, 722 (Tex. 1974).

 The Ratepayers contend that the Utility failed to come forward with any evidence
establishing its proposed rates to be just and reasonable. During the administrative hearing, the
hearing examiner admitted into evidence the Utility's original rate filing package and an
amendment to it. The Ratepayers contend that the rate filing package and its amendment cannot
constitute substantial evidence that the requested rate is just and reasonable, citing this Court's
decision in Texas Water Comm'n v. Lakeshore Util., 877 S.W.2d 814 (Tex. App.--Austin 1994,
writ denied).

 The Commission contends that the Utility presented substantial evidence to support
the order granting the requested rate increase. The Utility offered the original rate filing package,
its amendment, and the testimony of its president that the requested rate increase was fair,
reasonable, and necessary. The Commission contends that the Ratepayers' reliance on Lakeshore
is misplaced. We agree with the Commission.

 Lakeshore does not stand for the proposition that a rate filing package may never
constitute substantial evidence to support a rate increase. In Lakeshore, the rate filing package
was not unconditionally admitted in evidence. Id. at 821. Instead, it was admitted for the limited
purpose of showing what rate increase was requested and the expenses supporting the requested
increase. Id. Due to its limited admission in evidence, the rate filing package could not be used
as substantial evidence to support Lakeshore's request for a reasonable rate of return on invested
capital. We reject the Ratepayers' attempt to extend Lakeshore to a situation in which a rate filing
package has been unconditionally admitted in evidence.

 In this cause the rate filing package was unconditionally admitted in evidence. The
rate filing package contains extensive evidence of the Utility's reasonable and necessary expenses. 
Specifically, it includes the Utility's test-year data, such as operating income, total operating
expenses, and net operating loss. (3) We conclude that the rate filing package qualifies as substantial
evidence supporting the Commission's order. Accordingly, we overrule the Ratepayers' first
point of error.



Ex Parte Communication

 In their second point of error, the Ratepayers complain that the Commission's
Executive Director made an improper, ex parte communication with the Commission that was
prejudicial and denied them due process. The communication in question is a letter titled
"Executive Director's Comments to the Hearing Examiner's Proposal for Decision." The
Executive Director filed this letter after the hearing examiner issued a proposal for decision but
three days before the Commission entered a final order. The Ratepayers argue that the letter was
improper because it was not filed within ten days after the date the proposal of decision was
issued, as required by Commission rules, and because proper notice was not given to the
Ratepayers. See 30 Tex. Admin. Code § 269.6 (1995). We reject the Ratepayers' arguments.

 Even assuming that the Executive Director's letter was an improper
communication, we conclude as a matter of law that the Ratepayers have failed to demonstrate any
harm from the communication. The prohibition against ex parte communications (4) is designed to
prevent litigious facts outside the evidentiary record from coming before agency decisionmakers. 
Lone Star Greyhound Park, Inc. v. Racing Comm'n, 863 S.W.2d 742, 751 (Tex. App.--Austin
1993, writ denied). In this appeal, the Executive Director gave the hearing examiner material that
was duplicative of evidence already contained in the record; the Director merely reiterated the
position he had taken throughout the administrative proceeding. The Ratepayers had notice of this
letter at least three days before the Commission entered its final order. The Ratepayers also had
the opportunity to respond to this letter in their motion for rehearing. In order to establish a
denial of due process a party must show: (1) the agency decisionmaker acquired facts outside the
record, and (2) these facts constituted grounds for the decision. Smith v. Houston Chem. Servs.,
Inc., 872 S.W.2d 252, 278 (Tex. App.--Austin 1994, writ denied). The Ratepayers have failed
to show either of these. Therefore, we overrule the Ratepayers' second point of error.



CONCLUSION


 We affirm the judgment of the district court upholding the Commission's order
granting a rate increase.


 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: November 15, 1995

Do Not Publish
1.   Effective September 1, 1993, the Texas Water Commission was replaced by the
Texas Natural Resource Conservation Commission. Tex. Water Code Ann. §§ 5.001(2),
5.012 (West Supp. 1995).
2.   The Ratepayers' first and second points of error in this appeal are identical to their
second and third points of error from the prior appeal.
3.   Significantly, the Commission permitted a rate increase which was below the net
operating loss experienced by the Utility for the test year.
4.   See Tex. Gov't Code Ann. § 2001.061 (West 1995).



re's request for a reasonable rate of return on invested
capital. We reject the Ratepayers' attempt to extend Lakeshore to a situation in which a rate filing
package has been unconditionally admitted in evidence.

 In this cause the rate filing package was unconditionally admitted in evidence. The
rate filing package contains extensive evidence of the Utility's reasonable and necessary expenses. 
Specifically, it includes the Utility's test-year data, such as operating income, total operating
expenses, and net operating loss. (3) We conclude that the rate filing package qualifies as substantial
evidence supporting the Commission's order. Accordingly, we overrule the Ratepayers' first
point of error.



Ex Parte Communication

 In their second point of error, the Ratepayers complain that the Commission's
Executive Director made an improper, ex parte communication with the Commission that was
prejudicial and denied them due process. The communication in question is a letter titled
"Executive Director's Comments to the Hearing Examiner's Proposal for Decision." The
Executive Director filed this letter after the hearing examiner issued a proposal for decision but
three days before the Commission entered a final order. The Ratepayers argue that the letter was
improper because it was not filed within ten days after the date the proposal of decision was
issued, as required by Commission rules, and because proper notice was not given to the
Ratepayers. See 30 Tex. Admin. Code § 269.6 (1995). We reject the Ratepayers' arguments.

 Even assuming that the Executive Director's letter was an improper
communication, we conclude as a matter of law that the Ratepayers have failed to demonstrate any
harm from the communication. The prohibition against ex parte communications (4) is designed to
prevent litigious facts outside the evidentiary record from coming before agency de