LIVE OAK RESORT, INC., Appellant,

v.

TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellee.

No. 01–95–00736–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 21, 1996.

Ronald Monshaugen, David W. Pace, Houston, for Appellant.

Steven C. Haley, Brenham, for Appellee.

Before O'CONNOR, ANDELL and HUTSON–DUNN, JJ.

## OPINION

HUTSON–DUNN, Justice.

We grant the motion for clarification, withdraw our original opinion of February 8, 1996, and substitute this opinion in its place.

This is an appeal from a suit for judicial review of the denial of appellant's application for a wine and beer retailer's off-premise permit. Appellant, Live Oak Resort, Inc. (Live Oak), brings five points of error asserting the trial court erred in rendering judgment because there was a lack of substantial evidence to support denying its application, a lack of compliance with the Administrative Procedure Act, and an improper joinder of a protesting party. We reverse.

Live Oak operates a nudist colony in Washington County and proposed to sell beer and wine in the convenience store of its recreation center. In 1994, Live Oak applied to appellee, the Texas Alcoholic Beverage Commission (TABC), for a wine and beer retailer's off-premise permit. On January 19, 1995, the county judge conducted an administrative hearing. "Concerned Neighbors Near Live Oak, Inc." (Concerned Neighbors),[1] an unorganized association of individuals, protested the application, participated in questioning witnesses who appeared on behalf of Live Oak, and submitted an unsigned letter of protest to the county judge. No one protested or objected to Concerned Neighbors' participation in the hearing, nor did anyone object to the form or content of the notice of the hearing. On January 23, the county judge issued an order denying

---

1. Considerable effort was expended by appellant in the trial court over appellee's name, Concerned Neighbors Near Live Oak Resort, Inc., in demonstrating that the group was not incorporated. Concerned Neighbors has never claimed to be incorporated. The name of the group is derived from the fact that they are "concerned neighbors" who live near "Live Oak Resort, Inc."

Live Oak's application pursuant to TEX. ALCO. BEV.CODE ANN. § 61.42(a)(3) (Vernon 1995).[2] Live Oak filed a motion for rehearing that the county judge also denied.

On April 3, 1995, Live Oak filed a suit for judicial review against TABC pursuant to TEX. ALCO. BEV.CODE ANN. § 11.67 (Vernon 1995). Concerned Neighbors filed a plea in intervention to which Live Oak responded by filing a motion to strike the plea in intervention. The case came to trial, and all parties were present. On April 12, 1995, the trial court notified all counsel that it was going to affirm the county judge's order and overrule the motion to strike the plea in intervention. On May 3, Live Oak and TABC submitted to the trial court an agreed final judgment to which Concerned Neighbors was not a party.[3] On May 12, the court rendered its final judgment affirming the decision of the county judge and overruling Live Oak's motion to strike the plea in intervention.

In its fourth point of error, Live Oak contends Concerned Neighbors was not a proper party in the administrative hearing and, therefore, is not entitled to any recognition or consideration in Live Oak's suit for judicial review of the license denial. TEX. ALCO. BEV.CODE ANN. § 61.39 (Vernon 1995) provides in part, "any person may contest the facts stated in an application for a license to distribute, manufacture, or sell beer at retail." TEX. ALCO.BEV.CODE ANN. § 1.04(6) (Vernon 1995) defines "person" as "a natural person or association of natural persons, trustee, receiver, partnership, corporation, organization, or the manager, agent, servant or employee of any of them." Live Oak argues Concerned Neighbors is not a "person" under the Code and is merely an attorney who appeared before the county judge purporting to represent an anonymous group with no identifiable members.

Concerned Neighbors contends it qualifies as a "person" because it is an association of natural persons under the Code. We agree that Concerned Neighbors qualifies as an association of natural persons. *See Kermit Concerned Citizens Comm. v. Colonial Food Stores, Inc.,* 650 S.W.2d 208, 209 (Tex. App.—El Paso 1983, no writ) (protestors were "unorganized association of individuals"). The membership of Concerned Neighbors was not anonymous. The group was present at the hearing to offer testimony, and each member in turn was subject to cross-examination. The statute does not require, as Live Oak would suggest, Concerned Neighbors to be incorporated. Therefore, we hold Concerned Neighbors was a proper party in the administrative proceeding.

Live Oak also argues Concerned Neighbors could not be a party in the suit for judicial review because TEX. ALCO. BEV.CODE ANN. § 11.67(b) provides, "the appeal shall be under the substantial evidence rule and *against the commission alone as defendant."* (Emphasis added.) Concerned Neighbors contends because it filed a protest with the TABC and was allowed to speak at the administrative hearing, it properly intervened in the trial court and is entitled to participate in this appeal as an appellee.

The question before us is whether a protesting party at the administrative proceeding can intervene in a suit for judicial review and be a proper party to the proceedings in the trial court and on appeal. Concerned Neighbors relies on *Helms v. Texas Alcoholic Beverage Commission,* 700 S.W.2d 607 (Tex.App.—Corpus Christi 1985, no writ), and *Kermit Concerned Citizens Committee v. Colonial Food Stores, Inc.,* 650 S.W.2d 208 (Tex.App.—El Paso 1983, no writ), to support its position. Both cases dealt with a citizens' protest group which intervened in a suit for

---

**2.** The county judge acts in an administrative capacity in such cases. A denial of a license by the county judge is in effect a denial by TABC. *Lindsay v. Sterling,* 690 S.W.2d 560, 562 (Tex.1985).

**3.** In the agreed final judgment, Live Oak and TABC agreed that TEX.GOV'T CODE ANN. § 2001.141 (Vernon Pamph.1995) was not strictly adhered to in that separate findings of fact were not prepared and filed by the county judge showing the grounds on which the conclusions of law reject-

ing Live Oak's application were based. Further, Live Oak and TABC agreed that the decision to deny Live Oak's application was not reasonably supported by substantial evidence. Accordingly, the parties requested that the decision of the county judge be reversed and the cause remanded back to the county judge for a full rehearing of the matter in accordance with the provisions of the Administrative Procedure Act.

judicial review of a county judge's order denying the applicant a beer and wine permit. *Helms,* 700 S.W.2d at 610; *Kermit,* 650 S.W.2d at 209. These cases are not controlling, however, because no one objected to the intervention in the suit for judicial review or assigned as error the failure of the trial court to strike the intervention of the protestors. In our case, Live Oak has consistently objected to Concerned Neighbors' intervention in the suit for judicial review and has come forward to this Court for a resolution of the issue.

■ Since 1935, the liquor control laws have precluded suit against anyone other than TABC or its predecessors. *See* Act of Nov. 14, 1935, 44th Leg., 2nd C.S., ch. 461, art. I, § 14, 1935 Tex.Gen. & Spec. Laws 1795, 1803 ("such person shall have the right of an appeal … said suit to be against the [Texas Liquor Control] Board alone as defendant"), *amended by* Act of May 22, 1937, 45th Leg., ch. 448, § 15, 1937 Tex.Gen. & Spec. Laws 1053, 1065, *repealed by* Act of May 6, 1977, 65th Leg., R.S., ch. 194, § 2, 1977 Tex.Gen. Laws 391, 557 (current version at Tex.Alco.Bev.Code Ann. § 11.67(b) (Vernon 1995)); *see also Protestants v. American Pubs, Inc.,* 787 S.W.2d 111, 113 (Tex.App.—Houston [1st Dist.] 1990, writ denied) (stating the Code specifically provides any appeal shall be against TABC alone as defendant).[4] When a statute authorizes a suit for judicial review, the statutory provisions are mandatory and must be complied with in all respects or the action is not maintainable for lack of jurisdiction. *American Pubs, Inc.,* 787 S.W.2d at 113 (citing *Grounds v. Tolar Indep. Sch. Dist.,* 707 S.W.2d 889, 891 (Tex. 1986)); *see Southwest Airlines Co. v. Texas High–Speed Rail Auth.,* 867 S.W.2d 154, 157–58 nn. 4–8 (Tex.App.—Austin 1993, writ denied). The Alcoholic Beverage Code does not permit protesting parties to intervene at the district court from a denial of an application. Therefore, we hold the trial court erred in refusing to strike the plea in inter-

vention.[5] We sustain the fourth point of error.

■ In its third point of error, Live Oak contends the trial court erred in affirming the county judge's order because its substantial rights were prejudiced by erroneous administrative procedures, findings, inferences, conclusions, or decisions by the county judge. Specifically, Live Oak argues its rights were prejudiced by the county judge's failure to make proper findings of facts and conclusions of law as required by Tex.Gov't Code Ann. § 2001.141(d) (Vernon Pamph.1995). The county judge's order denying the license application reads in part:

> After reviewing the evidence and testimony presented, the application … has been denied.
>
> The decision is based on the following:
>
> TABC Section 61.42(a)(3)—The County Judge shall refuse to approve an application for a license as a distributor or retailer if he has reasonable grounds to believe that the place or manner in which the applicant for a retail dealer's license may conduct his business warrants a refusal of a license based on the general welfare, health, peace, morals, safety, and decency of the people.
>
> I also have denied the application, [sic] to protect the general welfare, health, peace, morals, and safety of the people when children are likely to have contact with the licensed premises *(Thacker v. Texas Alcoholic Beverage Commission,* 474 S.W.2d 258, 260–61 (Tex.Civ.App.—San Antonio 1971, no writ); *Jones v. Marsh,* [148 Tex. 362] 224 S.W.2d 198, 203 (Tex.1949)).

Tex.Gov't Code Ann. § 2001.141(d) (Vernon Pamph.1995) requires that "[f]indings of fact, if set forth in statutory language, must be accompanied by a concise and explicit statement of the underlying facts supporting the findings." Live Oak argues the order from the county judge is conclusory in nature and does not comply with the statute. The county judge denied Live Oak a license based

---

4. In cases stating a protesting party could intervene in a suit for judicial review, the status of the statute apparently was not raised, so they are not controlling.

5. In light of our treatment of the fourth point of error, we will consider Concerned Neighbor's brief as an amicus brief.

purely on statutory grounds "to protect the general welfare, health, peace, morals and safety of the people." Therefore, a statement of underlying facts was required to support such a decision.

Valid findings of fact must be clear and specific. *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 451 (Tex.1984). A mere conclusion or a recital of evidence is inadequate. *Thompson v. Railroad Comm'n,* 150 Tex. 307, 240 S.W.2d 759, 761–62 (1951). Underlying facts that must accompany findings of fact set forth in statutory language may not be presumed from findings of a conclusional nature. *Texas Health Facilities Comm'n,* 665 S.W.2d at 451; *Gibson v. Texas Mun. Retirement Sys.,* 683 S.W.2d 882, 883–84 (Tex.App.— Austin 1985, no writ). Mere recitals of testimony or references to, or summations of, evidence are improper and do not satisfy the requirement to support fact-findings set forth in statutory language. *Gibson,* 683 S.W.2d at 883–84; *see also City of Somerville v. Public Util. Comm'n,* 865 S.W.2d 557, 560 (Tex.App.—Austin 1993, no writ).

After reviewing the order, we determine that the only possible finding of fact the county judge made was, "I also have denied the application to protect the general welfare, health, peace, morals, and safety of the people when children are likely to have contact with the licensed premises." We hold the record shows, and even TABC agrees, that this statement alone is insufficient to meet the statutory requirements of section 2001.141(d). The order does not state the basis of any facts presented in the hearing which support the legal conclusion that the place or manner in which Live Oak conducts its business warrants a refusal of a license based on the general welfare, health, peace, morals, safety, and decency of the people. Further, the order does not state any facts presented in the hearing that would support the conclusion that the people's general welfare, health, peace, morals, safety, and decency would not be protected if children were likely to have contact with the premises.

Findings should be sufficient to serve the purpose for requiring findings of fact, which is to inform the parties and the reviewing court of the basis for the agency's decision so the parties may intelligently prepare a suit for judicial review and so the court may properly exercise its function. *City of Somerville,* 865 S.W.2d at 560; *see also Texas Health Facilities Comm'n,* 665 S.W.2d at 451–52. Without proper findings of fact, a court has no way of determining whether there was an abuse of discretion by the county judge. *See Railroad Comm'n v. Alamo Express,* 308 S.W.2d 843, 846 (Tex.1958). We hold the order issued by the county judge does not meet the findings of fact requirements in Tex.Gov't Code Ann. § 2001.141(d). Because the county judge did not comply with the statutory requirements, we are required by Tex.Gov't Code Ann. § 2001.174(2)(A) (Vernon Pamph.1995) to reverse the judgment of the district court. We sustain point of error three.

In light of our treatment of points of error three and four, we need not address the remaining points of error. We reverse the trial court's judgment and render judgment that the agency order is reversed and the administrative proceeding is remanded to the county judge for a full rehearing of the matter in compliance with the provisions of the Administrative Procedures Act.