TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00400-CV






Joe L. Everitt, Appellant



v.



Employees Retirement System of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 98-12166, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING 







 Joe L. Everitt challenges the decision by the Employees Retirement System of
Texas (ERS) to deny his application for occupational disability retirement benefits. By this
appeal, he contends that the district court erred by dismissing for want of jurisdiction his petition
for that court to review the agency's denial of his application. We will affirm the dismissal.

 Everitt was a sergeant of correctional officers for the Institutional Division of the
Texas Department of Criminal Justice. While he was guarding prisoners, the chair in which he
sat collapsed. The consequent fall injured his head, neck, arms, and lower back. The ERS
medical review board found him to be permanently disabled, but also found that he had
degenerative conditions predating the injuries caused by the fall.

 The administrative law judge (ALJ) recommended that the ERS deny Everitt's
application for occupational disability retirement benefits. The ALJ concluded that Everitt failed
to show he had a disability resulting from an injury directly resulting from a specific act or
occurrence determinable by a definite time or place that directly results from an inherent risk or
hazard peculiar to his job duties. See Tex. Gov't Code Ann. § 811.001(12) (West 2000). Everitt
filed his exceptions to the ALJ's proposal for decision. He excepted from the conclusion of the
ERS medical board that his disability resulted from a chronic arthritic condition and other
degeneration; he contended that his incapacity resulted directly from the fall. He disputed the
finding that he resigned from his job and the conclusion that falling off a collapsing chair was not
particularly or distinctly characteristic of his job. He listed four findings and three conclusions
with which he disagreed.

 After the ERS board of trustees adopted the ALJ's proposal for decision, Everitt
filed a motion for rehearing. After the introductory paragraph, his motion provided as follows:


 1.


 That the Board of Trustees of the Employees Retirement System of Texas
should reconsider its decision dated August 12, 1998.


 2.


 Joe L. Everitt contends that when this matter was ruled on by the Board of
Trustees of the Employees Retirement System of Texas ... all facts were viewed
in an unfair light and the ends of justice were not served.


 WHEREFORE, Joe L. Everitt requests the Board of Trustees of the
Employees Retirement System of Texas reconsider its decision on the merits, in
the interest of justice, and reverse [its] decision.



The motion was overruled by operation of law forty-five days after the date of notice of rendition
of the board's order. See Tex. Gov't Code Ann. § 2001.146(c) (West 2000).

 Everitt then petitioned the district court for de novo review of the agency decision. 
ERS answered, specially excepting to the request for de novo review and generally denying the
allegations in the petition. ERS then moved to dismiss, contending that the district court had no
jurisdiction because Everitt's motion for rehearing of the ERS decision was too vague to exhaust
his administrative remedies. The district court granted the motion.

 On appeal, Everitt contends that his motion for rehearing satisfied the statutory
requirement for such motions. He argues that his motion, taken in conjunction with other
documents in the ERS's files, constituted fair notice of his challenges to the ERS's ruling. He
contends alternatively that the dismissal is a harsh remedy that disserves justice, and that case-law
supporting that dismissal should be rejected.

 Courts have elaborated on what a motion for rehearing of an agency decision must
contain. The statute itself does not state specific requirements:


 A motion for rehearing in a contested case must be filed by a party not later than
the 20th day after the date on which the party or the party's attorney of record is
notified as required by Section 2001.142 of a decision or order that may become
final under Section 2001.144.



Tex. Gov't Code Ann. § 2001.146(a) (West 2000). The supreme court has held that motions for
rehearing must be "sufficiently definite to apprise the regulatory agency of the error claimed and
to allow the agency opportunity to correct the error or to prepare to defend it." Suburban Util.
Corp. v. Public Util. Comm'n of Texas, 652 S.W.2d 358, 365 (Tex. 1983). The court held
Suburban's motion sufficiently specific because it alleged that the "adjusted value of $342,010 is
not supported by substantial evidence, thereby specifically apprising the PUC that the order fails
to meet the test for review of this administrative proceeding." Id. 

 This Court has detailed what constitutes sufficient specificity, holding that


 the complaining party must in his motion for rehearing set forth succinctly at least
two elements pertaining to each contention of error: (1) the particular finding of
fact, conclusion of law, ruling, or other action by the agency which the
complaining party asserts was error; and (2) the legal basis upon which the claim
of error rests. Without these irreducible elements, we do not conceive that any
assignment of error will apprise the agency of the error claimed so that it may
correct the error or prepare against the contention that it is error. 



Burke v. Central Educ. Agency, 725 S.W.2d 393, 397 (Tex. App.--Austin 1987, writ ref'd n.r.e.). 
This Court has held that an applicant may satisfy the Burke standard by referring in a motion for
rehearing to a memorandum alleging specific deficiencies. See Morgan v. Employees Retirement
Sys. of Texas, 872 S.W.2d 819, 822 (Tex. App.--Austin 1994, no writ); see also Texas Water
Comm'n v. Customers of Combined Water Sys., Inc., 843 S.W.2d 678, 682 (Tex. App.--Austin
1992, no writ). Mere reference to an earlier pleading, however, may not be sufficient. See id.
(citing Gibson v. Texas Municipal Retirement Sys., 683 S.W.2d 882, 884, n.1 (Tex. App.--Austin
1985, no writ).

 Everitt's motion for rehearing did not meet the Burke standard. The motion does
not specify any findings of fact or conclusions of law with which he disagrees, nor does he state
the legal basis on which the claim of error rests. Though he included specific objections in his
exceptions to the ALJ's proposal for decision ("PFD"), he neither incorporated nor otherwise
referred to the exceptions or the PFD in his motion for rehearing.

 Everitt argues that his complaint is so simple that a simple motion for rehearing
should suffice. He compares his case to another in which a fairly terse motion for rehearing was
deemed sufficient. Palacios v. Texas Real Estate Comm'n, 797 S.W.2d 167 (Tex. App.--Corpus
Christi 1990, writ denied). Palacios asserted the following in his motion for rehearing:


[T]he aggrieved party contends that he has not violated Section 15(6)(D) of the
Texas Real Estate License Art, [sic] Article 6573a, Texas Civil Statutes, as set out
in the Findings of Fact, Conclusion of Law and Order of February 10, 1989, and
further contends that the presiding officer has erred in the interpretation and
application of said law. In the alternative, the aggrieved party contends that
Section 15(6)(D) of the Real Estate License Act, Article 6573a, Texas Civil
Statutes, is vague and indefinite as it is written and therefore said law cannot be
properly applied to the aggrieved party as written and set out.


Id. at 169. The court held this motion sufficiently apprised the agency of the asserted error. Id. 
Simple as it is, Palacios's motion for rehearing is much more detailed than Everitt's assertion that
"all facts were viewed in an unfair light and the ends of justice were not served." We conclude
that Everitt's motion for rehearing is not sufficiently specific.

 We also reject Everitt's argument that he should not be held to a case-law standard
that is tougher than the express statutory standard. This Court and the supreme court, in writing
the Burke and Suburban decisions in 1987 and 1983, respectively, interpreted the statutory
requirement for a motion for new trial. The Legislature has had and declined several
opportunities in the intervening years to clarify that it meant by section 2001.146 to allow motions
for rehearing that do not point out specific problems with agency decisions. See Tex. Gov't Code
Ann. § 2001.146(a). Neither has the supreme court overruled our explication of the specificity
requirements. Until the Legislature amends the section or the supreme court directs otherwise,
we will interpret section 2001.146 to require the degree of specificity of complaint in the motion
for rehearing set out in Burke. See 725 S.W.2d at 397. We also decline to require the agency
to point out the deficiencies in a motion for rehearing.

 We overrule Everitt's point of error and affirm the judgment.



 
 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: March 9, 2000

Do Not Publish



/EM> 

 This Court has detailed what constitutes sufficient specificity, holding that


 the complaining party must in his motion for rehearing set forth succinctly at least
two elements pertaining to each contention of error: (1) the particular finding of
fact, conclusion of law, ruling, or other action by the agency which the
complaining party asserts was error; and (2) the legal basis upon which the claim
of error rests. Without these irreducible elements, we do not conceive that any
assignment of error will apprise the agency of the error claimed so that it may
correct the error or prepare against the contention that it is error. 



Burke v. Central Educ. Agency, 725 S.W.2d 393, 397 (Tex. App.--Austin 1987, writ ref'd n.r.e.). 
This Court has held that an applicant may satisfy the Burke standard by referring in a motion for
rehearing to a memorandum alleging specific deficiencies. See Morgan v. Employees Retirement
Sys. of Texas, 872 S.W.2d 819, 822 (Tex. App.--Austin 1994, no writ); see also Texas Water
Comm'n v. Customers of Combined Water Sys., Inc., 843 S.W.2d 678, 682 (Tex. App.--Austin
1992, no writ). Mere reference to an earlier pleading, however, may not be sufficient. See id.
(citing Gibson v. Texas Municipal Retirement Sys., 683 S.W.2d 882, 884, n.1 (Tex. App.--Austin
1985, no writ).

 Everitt's motion for rehearing did not meet the Burke standard. The motion does
not specify any findings of fact or conclusions of law with which he disagrees, nor does he state
the legal basis on which the claim of error rests. Though he included specific objections in his
exceptions to the ALJ's proposal for decision ("PFD"), he neither incorporated nor otherwise
referred to the exceptions or the PFD in his motion for rehearing.

 Everitt argues that his complaint is so simple that a simple motion for rehearing
should suffice. He compares his case to another in which a fairly terse motion for rehearing was
deemed sufficient. Palacios v. Texas Real Estate Comm'n, 797 S.W.2d 167 (Tex. App.--Corpus
Christi 1990, writ denied). Palacios asserted the following in his motion for rehearing:


[T]he aggrieved party contends that he has not violated Section 15(6)(D) of the
Texas Real Estate License Art, [sic] Article 6573a, Texas Civil Statutes, as set out
in the Findings of Fact, Conclusion of Law and Order of February 10, 1989, and
further contends that the presiding officer has erred in the interpretation and
application of said law. In the alternative, the aggrieved party contends that
Section 15(6)(D) of the Real Estate License Act, Article 6573a, Texas Civil
Statutes, is vague and indefinite as it is written and therefore said law cannot be
properly applied to the aggrieved party as written and set out.


Id. at 169. The court held this motion sufficiently apprised the agency of the asserted error. Id. 
Simple as it is, Palacios's motion for rehearing is much more detailed than Everitt's assertion that
"all facts were viewed in an unfair light and the ends of justice were not served." We conclude
that Everitt's motion for rehearing is not sufficiently specific.

 We also reject Everitt's argument that he should not be held to a case-law standard
that is tougher th